STORM, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 2,377.)

(Submitted April 8, 1907. Decided April 20, 1907.)

(89 Pac. 726.)

*Personal Injuries — Cities and Towns — Sidewalks—Defects Caused by Ice and Snow—Pleadings—Evidence—Instructions—Damages—Medical Services.*

Personal Injuries—Cities and Towns—Sidewalks—Snow and Ice—Complaint—Sufficiency.

1. Under the general rule that a complaint will be upheld if the essential facts appear by plain and necessary implication, particularly so when no special demurrer has been interposed to the pleading, a complaint against a city in an action for damages for personal injuries, which in effect alleged that the defendant negligently permitted snow and ice to accumulate on a sidewalk to the depth of several inches, that this snow and ice became so uneven and rounded by reason of travel over it, and had such an angle from the level of the walk that a person could not pass over it without danger of falling, that this condition was known to the defendant city for a long time prior to the accident, that this accumulation of snow and ice

constituted an obstruction which the city negligently permitted to remain without proper protection and without any light or signal to indicate danger, and that while plaintiff was passing along this sidewalk she slipped and fell and sustained the injuries complained of, was sufficient.

Same—Sidewalks—Obstruction—Snow and Ice—Liability of Cities.
2.   While mere slipperiness of a sidewalk caused by snow or ice may not be such a defect which will make a city liable for damages occa sioned thereby, yet where snow and ice are permitted by the municipal authorities to accumulate on the walk and to become rough and uneven so as to render it difficult and dangerous for pedestrians to pass over it, the condition so created constitutes an obstruction, for any in jury as a result of which the city becomes liable in damages.

Same—Evidence—Sufficiency.
3.   Evidence examined, in an action against a city for personal injuries alleged to have been sustained by plaintiff in falling on a sidewalk, rendered dangerous by an accumulation of ice and snow, and *held* sufficient to go to the jury.

Same—Instructions—Modification—Prejudice.
4.   In an action against a city for personal injuries, sustained by plaintiff in falling on a sidewalk on which snow and ice had been permitted to accumulate in such a way as to create an obstruction, the defendant was not prejudiced ·by the court's action in modifying a requested instruction so as to make the city liable for *any* defective condition of or obstruction on the walk, where all the evidence introduced referred only to the dangerous condition of the walk occasioned by the accumulation of snow and ice, and to no other.

Appeal—Instructions—Briefs—Rules.
5.   Instructions not set out in the specifications of error, as required by the rule of the supreme court (Rule X, subd. 3*b*, 30 Mont. xxxviii), will not be considered on appeal.

Trial—Attorneys—Argument to Jury—Reading Instructions.
6.   Error alleged to have been committed by the district court in refusing an attorney permission to make use of the instructions in his argument to the jury, theretofore read to them, deemed harmless where the record did not disclose that he was unable to properly argue his case without the instructions or that he could not recall to the jury the substance of the charge as given.

Same.
7.   Under Session Laws of 1901, page 160, an attorney may, during the course of his argument to the jury, re-read such portions of the charge as he deems pertinent.

Personal Injuries—Damages—Medical Services—Reasonableness of Fee—Instructions.
8.   In a personal injury case plaintiff testified that she had paid a physician $50 for medical treatment rendered necessary by the injuries received.   The physician deposed to the fact that he had charged plaintiff $56 for his services.   No testimony was introduced to show that the charge made and paid was a reasonable one.   The court instructed the jury that "such sum of money as will compensate the plaintiff for the amount expended by her in and about the treatment of her injuries, including medical attendance, might be recovered by her."   *Held*, that this instruction was error, in that it practically directed the jury to find for plaintiff, in respect of the medical attendance, in the sum paid for them, irrespective of the reasonableness of the fee, which must be established in order to make the amount paid recoverable as damages.

*Appeal from District Court Silver Bow County; John B. Mc-Clernan, Judge.*

ACTION by Martha Storm against the city of Butte. From a judgment for plaintiff and from an order denying it a new trial. defendant city appeals. Remanded, with directions to grant defendant a new trial, unless respondent consents to a modification of the judgment, in which case the judgment, as modified, will be affirmed.

## STATEMENT OF THE CASE, BY THE JUSTICE DELIVERING THE OPINION.

This is an action for damages for personal injuries alleged to have been received by the plaintiff, Martha Storm.

The complaint, among other things, charges: "That on or about the twenty-seventh day of December, 1901, and for some time prior thereto, congealed snow and ice to the depth of several inches were by the defendant negligently permitted to accumulate upon and across the sidewalk of the west side of Alabama street, at a point between Broadway and Park streets, within said city limits, which snow and ice, by reason of pedestrians passing over it, and other causes, became so uneven and rounded and had such an angle from the level of the sidewalk that a person could not walk over it without danger of falling; and the said sidewalk became and was dangerous to foot passengers. and as plaintiff is informed and believes, so remained for a long time, to-wit, more than ten days prior to said date, to the knowledge of the defendant. And the said dangerous obstruction was negligently suffered by the defendant during a night, on or about said day, to remain open, exposed, and without proper protection, and without any light or signal to indicate danger.

"That the plaintiff on the night aforesaid was lawfully traveling on the said sidewalk on the said street, and was wholly unaware of danger, and was accidentally, and without fault or neg-

ligence on her part, tripped and thrown violently down on the said ice and snow, and slipped and fell thereon, whereby she sustained a severe and complicated fracture of the arm and wrist, and was severely wounded and injured.''

The answer admits the corporate existence of the city of Butte, and denies every other allegation in the complaint. Counsel for the defendant objected to the introduction of any evidence on the part of the plaintiff on the ground ''that the complaint does not state facts sufficient to constitute a cause of action, in that it fails to show that the injury complained of was caused by any failure of duty or negligence upon the part of the defendant city.'' This objection was overruled. A motion for nonsuit was made and denied. The jury returned a verdict in favor of the plaintiff, and from the judgment entered on the verdict, and from an order denying it a new trial, the defendant appeals.

*Mr. L. P. Forestell,* and *Mr. J. F. Davies,* for Appellant.

The complaint did not state facts sufficient to constitute a cause of action against the city. (1 Abbott's Trial Brief, 2d ed., par. 308, p. 526, and cases cited; *Bretsh* v. *Toledo,* 1 Ohio N. P. 210; *Bodah* v. *Deer Creek,* 99 Wis. 509, 75 N. W. 75; 6 Thompson on Negligence, secs. 56, 7457, and cases cited; *City of Hammond* v. *Winslow,* 33 Ind. App. 92, 70 N. E. 819; *City of Logansport* v. *Kihn,* 159 Ind. 68. 64 N. E. 595; 20 Ency. of Law, 78, and cases cited.)

Mere slipperiness of a sidewalk occasioned by either ice or snow is not a defect for which cities are liable. Their obligation to keep their streets in a safe condition does not extend to the removal of ice which constitutes no other defect than slipperiness. (*Stanton* v. *Springfield,* 12 Allen, 566; *Nason* v. *City of Boston,* 14 Allen, 508; *Stone* v. *Hubbardson,* 100 Mass. 49; *Smyth* v. *Bangor,* 72 Me. 249; *McKellar* v. *Detroit,* 57 Mich. 158, 58 Am. St. Rep. 357, 23 N. W. 621; *Taylor* v. *Yonkers,* 105 N. Y. 202, 59 Am. St. Rep. 492, 11 N. E. 642; *Chicago* v. *McGiven,* 78 Ill. 347; *Broburg* v. *Des Moines,* 63 Iowa, 523, 50 Am. St. Rep. 756, 19 N. W. 340; *Cook* v. *Milwaukee,* 24 Wis. 270, 1 Am.

Rep. 183, 27 Wis. 192; *Bleakley* v. *Ontario,* 12 Ont. App. 637; 5 Thompson on Negligence, sec. 6191; Williams' Municipal Liability for Tort, sec. 99, and cases cited.)

In order to create a liability in such cases, the accumulation of snow and ice must be such as to amount to a defect or obstruction in the walk. Does a footprint two and a half or three inches in depth in the snow and ice, constitute an obstruction? We contend that it does not. (*Chase* v. *City of Oshkosh,* 81 Wis. 313, 29 Am. St. Rep. 898, 51 N. W. 560, 562, 15 L. R. A. 553; *Overhouser* v. *Am. Cereal Co.,* 118 Iowa, 417, 92 N. W. 74, 75; *Newburyport Turnpike Corp.* v. *Eastern R. R. Co.,* 23 Pick. (40 Mass.), 326, 328; *Gorham* v. *Withey,* 52 Mich. 50, 17 N. W. 272.)

The court erred in modifying instruction No. 2, requested by the defendant, and in giving the same as modified to the jury. Under this instruction, if the jury should find *any* defective condition of the sidewalk or obstruction thereon at *any* time or place, then, they were told in effect, she was entitled to recover. For plaintiff to recover at all, she must prove by a preponderance of the evidence that she was injured by reason of the defective condition of the sidewalk or by reason of the obstruction complained of, and that the defective condition of the said sidewalk was the obstruction complained of and was the cause of her fall. It is not sufficient to prove that she was injured by reason of any defective condition of the sidewalk or of any obstruction thereon; neither is it sufficient to prove that any defective condition or any obstruction was the cause of her fall. (2 Current Law, 842, 843, and cases cited; 4 Current Law, 588; *Allen* v. *Chicago etc. R. R. Co.,* 126 Iowa, 213, 101 N. W. 863.)

The court erred in giving to the jury instruction No. 10, the same not being warranted either by the pleadings or the evidence. It is as follows:

"Now it may be stated as a general rule that the mere fact that snow or sleet has fallen upon the sidewalk from the clouds, and thereby rendered the sidewalk slippery and difficult to pass over, would not make the city liable therefor, even though such

ice and snow should remain upon the walk for an unreasonable length of time after the officers of the city whose duties require them to look after such matters, had notice of its existence, or after they, in the exercise of reasonable care in performing their duties, ought to have known of its existence; but this rule relates only to the natural conditions resulting from rain or sleet falling and freezing upon the walk, or snow accumulating upon the walk from natural causes. Where after such ice or snow has thus accumulated, if by reason of persons traveling over the same, or if, from other causes, as from ice or snow thawing and flowing down upon the walk from other lands, the surface of the snow or ice upon the walk becomes rough, or ridged or rounded in form, or lies at an angle or slanting, to the plain surface of the walk, so that it becomes difficult and dangerous for persons traveling on foot to pass over same when exercising ordinary care, or if, by reason of snow or ice having accumulated on the walk from natural causes, the flowing water and snow from adjoining lands are deposited upon the walk, and frozen there, by reason thereof make the walk dangerous for persons using ordinary care in passing over the same on foot, then the city becomes liable for injuries caused by such obstruction, provided the person injured exercised ordinary care in passing over the same and did not contribute to his injury by negligence on his part, and the obstruction has existed for an unreasonable length of time after the same became known to the city authorities, or ought to have been known to them in the exercise of reasonable care." (*Leonard* v. *City of Butte,* 25 Mont. 410.) Instructions should be brief and clear. (*Smith* v. *Perham,* 33 Mont. 309, 83 Pac. 492; *Yoder* v. *Reynolds,* 28 Mont. 183, 72 Pac. 417.)

The court erred in denying defendant's counsel the right to argue the instructions to the jury. (*Mitchum* v. *St. Louis,* 11 Ga. 615; 2 Ency. of Pl. & Pr. 713.)

*Mr. C. P. Drennen,* and *Mr. O. J. Saville,* for Respondent.

A municipal corporation is liable for injuries negligently caused by an obstruction, and the fact that such obstruction was

caused by ice and snow does not relieve it from liability.    Where the duty of caring for its streets and walks is imposed upon a city by statute or charter, or where a city, by proper ordinance under legislative authority, has assumed the care and control of its streets and walks, it is liable to a person who is injured through an obtruction in the street or walk caused by negligence of the city in not keeping the same in a reasonably safe condition for travel.    (*Sullivan* v. *Helena,* 10 Mont. 134, 25 Pac. 94, and cases cited; approved in *McCune* v. *Town of Missoula,* 10 Mont. 146, 25 Pac. 442 (see, also, cases there cited); *Sweeney* v. *City of Butte,* 15 Mont. 281, 39 Pac. 286; *Lundeen* v. *Livingston,* 17 Mont. 32, 41 Pac. 995; *Meisner* v. *City of Dillon,* 29 Mont. 116, 74 Pac. 130; *Taylor* v. *Yonkers,* 105 N. Y. 202, 59 Am. Rep. 492, 11 N. E. 642.)

The remedy in case of injury occasioned by reason of such defects as ice and snow is against the city exclusively, who cannot protect itself from liability by reason of an ordinance. (*Kirby* v. *Boylston Market Assn.,* 14 Gray, 249, 74 Am. Dec. 682; *Taylor* v. *Yonkers,* 105 N. Y. 202, 59 Am. Rep. 492, 11 N. E. 642, above cited.    See, also, *Norton* v. *St. Louis,* 97 Mo. 537, 11 S. W. 242; *Kylie* v. *Kansas,* 87 Mo. 103, 56 Am. Rep. 443; *Russell* v. *Columbia,* 74 Mo. 480, 41 Am. Rep. 325; *Welsh* v. *St. Louis,* 73 Mo. 71; *Huston* v. *Council Bluffs,* 101 Iowa, 33, 69 N. W. 1130, 36 L. R. A. 211; *Koch* v. *Ashland,* 88 Wis. 603, 60 N. W. 990; *Salzer* v. *Milwaukee,* 97 Wis. 471, 73 N. W. 20; *Dooley* v. *Meridan,* 44 Conn. 117, 26 Am. Rep. 433; *Keane* v. *Waterford,* 130 N. Y. 188, 29 N. E. 130; *Ney* v. *City of Troy,* 3 N. Y. Supp. 679, 50 Hun, 604; *Hawley* v. *Gloversville,* 38 N. Y. Supp. 647; *Stapleton* v. *Newburgh,* 41 N. Y. Supp. 96, 9 App. Div. 39; *Walsh* v. *Buffalo,* 44 N. Y. Supp. 942; *Haight* v. *Elmira,* 42 App. Div. 391, 59 N. Y. Supp. 193; *Beck* v. *Buffalo,* 63 N. Y. Supp. 499; *Scoville* v. *Salt Lake,* 11 Utah, 60, 39 Pac. 481; *Piper* v. *Spokane,* 22 Wash. 147, 60 Pac. 138; 15 Am. & Eng. Ency. of Law, 2d ed., 448, and note 2; Thompson on Negligence, pp. 650-652, secs. 6190, 6191.)

If snow and ice existed in ridges and little hills, and the sidewalk was permitted to remain in that condition for a length of time sufficient to charge the city with knowledge of the situation, and the obstruction was not removed, the city is liable to a person injured by slipping and falling on such accumulation or obstruction, while exercising ordinary care. (*Wyman* v. *Philadelphia*. 175 Pa. St. 117, 34 Atl. 621; *McLaughlin* v. *Corry*, 77 Pa. St. 109, 18 Am. Rep. 432; *Hodges* v. *Waterloo*, 109 Iowa, 444, 80 N. W. 523; 15 Am. & Eng. Ency. of Law, 2d ed., p. 450 (6), and notes.)

Municipal corporations must observe, notice and see that the public streets in winter time are reasonably clear of snow and ice; such duty is not discretionary. In assuming power, the duty becomes absolute and obligatory. There must be carelessness in allowing the snow and ice to remain for an unreasonable length of time to the danger of travelers. (*Todd* v. *Troy*, 61 N. Y. 506; *Collins* v. *Council Bluffs*, 32 Iowa, 324, 7 Am. Rep. 200.) Negligence may be inferred from the omission by a corporation to cause dangerous obstructions to be removed from the streets after sufficient time has elapsed to afford presumption of knowledge of their existence, and an opportunity to effect their removal. (*Requa* v. *Rochester*, 45 N. Y. 136, 6 Am. Rep. 52; *Harrington* v. *Buffalo*, 121 N. Y. 147, 24 N. E. 186; *Congdon* v. *Norwich*, 37 Conn. 419; *Dooley* v. *Meridan*, 44 Conn. 117; 26 Am. Rep. 433; *Kirk* v. *Village of Homer*, 77 Hun, 459, 28 N. Y. Supp. 1009; *Smith* v. *Chicago*, 38 Fed. 388; *City of Chicago* v. *Smith*, 48 Ill. 107.) The fact that such an accumulation is rendered more dangerous by a recent fall of snow, rain or sleet, or by a change in temperature, does not relieve the city from liability, provided the injury would not have been sustained but for the uneven and rough condition of the accumulation. (*Street* v. *Holyoke*, 105 Mass. 82, 7 Am. Rep. 500; *Hodges* v. *Waterloo, supra; Templin* v. *Boone*, 127 Iowa, 91, 102 N. W. 789.)

A municipal corporation which negligently permits the mouth of a culvert carrying gutter water under a crosswalk to be-

come clogged, and to remain so for an unreasonable time, so that the water from the gutter flows over the sidewalk and freezes, may be held liable for injuries caused by a fall on the icy walk. (*Woolsey* v. *Ellenville,* 155 N. Y. 573, 50 N. E. 270; *Mantross* v. *Oil City,* 178 Pa. St. 276, 35 Atl. 959.) Especially where the city could have removed the obstruction within a reasonable time and without unnecessary expense or trouble. (*Gaylord* v. *New Britain,* 58 Conn. 398, 20 Atl. 365, 8 L. R. A. 752; *Lynchburg* v. *Wallace,* 95 Va. 640, 29 S. E. 675. See note to *Brown* v. *White,* 202 Pa. St. 297, 51 Atl. 962, 58 L. R. A. 321.)

The question of negligence is one for the jury, under all circumstances of the particular case. (*Nebraska City* v. *Rathbone,* 20 Neb. 288, 29 N. W. 920; *Boulder* v. *Niles,* 9 Colo. 415, 12 Pac. 632; *Scoville* v. *Salt Lake,* 11 Utah, 60, 39 Pac. 481; *Leonard* v. *Butte,* 25 Mont. 410, 65 Pac. 425; *Norman* v. *Teel,* 12 Okla. 659, 69 Pac. 791.) Failure to discover a dangerous defect in a public street within a reasonable time is in itself negligence. (*Cowie* v. *Seattle,* 22 Wash. 659, 62 Pac. 121.)

A city must either have actual notice through its proper officials, or constructive notice, through the long continuance of the observably dangerous condition, in order to be liable for negligence. (*Hausmann* v. *Madison,* 85 Wis. 187, 39 Am. St. Rep. 843, 55 N. W. 167, 21 L. R. A. 264, note, p. 267; 15 Am. & Eng. Ency. of Law, 2d ed., 475.) Constructive notice is proven by showing facts and circumstances from which notice would be presumed, as that the sidewalk had been in an unsafe condition for such a period of time prior to the accident that the city officials, by the exercise of reasonable diligence, ought to have known of such condition. (*Haumann* v. *Madison, supra,* note, p. 267; *Fortin* v. *Easthampton,* 145 Mass. 196, 13 N. E. 599; *Foxworthy* v. *Hastings,* 25 Neb. 133, 41 N. W. 132; .*Todd, Admr.,* v. *City of Troy,* 61 N. Y. 506; *Masters* v. *City of Troy,* 3 N. Y. Supp. 450, 50 Hun, 485; *Ney* v. *City of Troy,* 3 N. Y. Supp. 679, 50 Hun, 604; *McLaughlin* v. *Corry,* 77 Pa. St.

109 , 18 Am. Rep. 432; *Norman* v. *Teel,* 12 Okla. 69, 69 Pac. 791; 15 Am. & Eng. Ency. of Law, 2d ed., 479.)

It does not appear how defendant could have been prejudiced by the refusal of the court to permit counsel to read the instructions to the jury. The matter was entirely within the discretion of the court, and as no abuse of discretion is shown there was no error in it. (*Boreham* v. *Byrne,* 83 Cal. 23, 23 Pac. 212; Abbott's Trial Brief, "Civil Jury Trials," 2d ed., p. 403, and cases cited; *Sullivan* v. *Royer,* 72 Cal. 248, 1 Am. St. Rep. 51, 13 Pac. 655; *Gallagher* v. *Town of Buckley,* 31 Wash. 380, 72 Pac. 79.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

1. The first contention of appellant is that the complaint does not state a cause of action; and we may readily agree with counsel that it is necessary for the complaint to show actionable negligence on the part of the city, and to show the causal connection between the negligence alleged and the injury of which complaint is made. It is directly alleged that the city negligently permitted snow and ice to accumulate on the sidewalk at the point where the injury occurred, to the depth of several inches, and that this snow and ice, by reason of persons passing over it, and other causes, became so uneven and rounded, and had such an angle from the level of the sidewalk, that a person could not walk over it without danger of falling, and that this condition was known to the city for a long time prior to the date of plaintiff's injury. It is in effect alleged, though not very specifically, that this accumulation of snow and ice, under the circumstances described, constituted an obstruction which the city negligently permitted to remain there without proper protection, and without any light or signal to indicate danger. We are of the opinion that these allegations are sufficient. It is a general rule that a complaint will be upheld, if the essential facts appear by plain and necessary implication, particularly so when no special

demurrer has been interposed.   (*Hargro* v. *Hodgdon,* 89 Cal. 623, 26 Pac. 1106; 14 Ency. of Pl. & Pr. 333, 334.)

It is further claimed that it does not appear from the complaint just what caused plaintiff's injuries.   It is alleged that while plaintiff was passing along this sidewalk and unaware of danger, she was tripped and thrown down, and slipped and fell on said ice and snow, whereby she sustained the injuries complained of.   It is also a general rule of pleading that in an action for damages for negligence, it must appear from the complaint, either by direct averment or from the statement of such facts as to raise the presumption, that the injury was the natural and proximate result of defendant's negligence.   (14 Ency. of Pl. & Pr. 336, and cases cited.)

It appears to us that the meaning of this complaint is sufficiently clear, and that, at least by necessary implication, it appears that the obstruction on the sidewalk, consisting of accumulated snow and ice in the condition described in the complaint was the cause of plaintiff's injury, and the objection to the introduction of evidence was properly overruled.

2. The next contention is that the evidence is not sufficient to sustain the verdict, and in this connection we may adopt appellant's theory of the law as announced in 2 Dillon on Municipal Corporations, and by the decided cases, that a showing of mere slipperiness of the sidewalk, occasioned by snow and ice, is not sufficient to hold the city liable.   (2 Dillon on Municipal Corporations, sec. 1006; *Henkes* v. *Minneapolis,* 42 Minn. 530, 44 N. W. 1026; *Taylor* v. *Yonkers,* 105 N. Y. 202, 59 Am. Rep. 492, 11 N. E. 642.)   It is to be observed, however, that in stating the rule Dillon uses this language: "The mere slipperiness of a sidewalk occasioned by ice or snow not being accumlated so as to constitute an obstruction is not ordinarily such a defect as will make the city liable for damages occasioned thereby." And entirely in harmony with the rule first announced above is the further doctrine that if the snow or ice is permitted to accumulate or to become rough and uneven, so that the slipperiness becomes more dangerous than if it lay in a smooth surface,

it is generally held to constitute an obstruction, which the municipality must remove or pay resulting damages. (*Aurora v. Parks,* 21 Ill. App. 459; 5 Thompson on Negligence, secs. 6190, 6191.) In the last section above it is said: "Coming back to the sound and sensible doctrine on this subject, we find that it has been well held by a court whose decisions upon this subject are in general to be commended, that ice and snow accumulating on a sidewalk from natural causes, if *suffered to remain* until the surface is so rough, ridged, rounded, or slanting that it is difficult and dangerous for persons traveling on foot to pass over it when exercising ordinary care, constitute a defect for which the city or town is liable, provided it has notice of its dangerous condition"; and numerous authorities are cited in support of the text.

The evidence tends to show that at the point where the accident happened there was a drift or bank of snow on the sidewalk, varying in depth from eighteen inches on the inside of the walk to three or four inches on the outer side; that because of the grade of the street and the fact that the gutter along the sidewalk was permitted to become choked, water from melted snow and ice above ran down upon the sidewalk to this drift, and in the late afternoons or evenings, froze, thus adding to the already accumulated ice and snow; that during the day when the snow and ice were melting, pedestrians passing along this walk made deep footprints, and that when it became colder the surface was made very rough and uneven; that the travel had been around the deepest portion of the drift and toward the outer edge of the walk, and that, when injured, the plaintiff was traveling in this path. One witness testified that two days prior to the accident he fell on the same walk at the same place, and that the surface was so slanting that when he fell he slipped off into the gutter. Another witness testified that a few days before, she was walking on this sidewalk, and that when she reached this particular point she was compelled to get down and get off into the street, as she could not walk on the side-

walk over this obstruction. We think the evidence was amply sufficient to go to the jury.

3. Complaint is made of the action of the court in modifying instruction No. 2 as requested by the defendant, and in giving the instruction as thus modified. But since all of the evidence given in the case refers only to the dangerous condition of the walk occasioned by the accumulation of the snow and ice, the jury could not have been misled, and no injury could have resulted from the use of the term "any," as applied to the defective condition of the walk, or obstruction on the walk.

4. We think instructions Nos. 8 and 9 contain correct statements of the law applicable to the facts of this case. What is said in paragraph 2 above is sufficient to dispose of the objection made to these instructions.

5. Instruction No. 10 is taken substantially from the opinion in the case of *Huston* v. *Council Bluffs,* 101 Iowa, 33, 69 N. W. 1130, 36 L. R. A. 211; and while it is not very definite in its terms, it is, in effect, the statement of a general rule, and we think may fairly be said to correctly state the law. (*Broburg* v. *Des Moines,* 63 Iowa, 523, 50 Am. Rep. 756, 19 N. W. 340; *Cook* v. *Milwaukee,* 24 Wis. 270, 1 Am. Rep. 183.)

6. Complaint is made of instructions Nos. 11 and 13, given to the jury; but neither of them is set out in the specifications, as required by the rules of this court. However, we have examined them, and think they are not open to the criticism made.

7. Exception is taken to the refusal of the court to give certain instructions requested by the defendant. No useful purpose would be served in referring to each of these instructions at length. It is sufficient to say that we think the court fairly covered the law of the case in the instructions given.

8. During the course of his argument to the jury, counsel for the defendant sought to make use of the instructions which had been given, but the court refused to permit it, and error is predicated upon this action of the court. There is some conflict in the evidence presented by affidavits as to just what oc-

curred.    Counsel for defendant contends that he asked permission to use the instructions to illustrate his argument, while counsel for plaintiff insists that in answer to an inquiry from the court, counsel stated that he desired to read the instructions to the jury.    Of course, if counsel for defendant is correct, he was clearly entitled to do what he sought to do (Sess. Laws 1901, p. 160), and we can see no impropriety in counsel's re-reading such portions of the charge as he deemed particularly pertinent. However, as it does not appear from his affidavit, or otherwise, that he was unable to properly argue the case without the instructions, or that he could not recall to the jury the substance of the charge given, we deem the error in this particular instance harmless.

9. We think appellant is correct in the criticism made of subdivision 5 of instruction No. 11.    In this instruction the court was directing the attention of the jury particularly to the elements of damages for which the plaintiff might have recovery. The court announced that one of these elements is: "5.    Such sum of money as will compensate the plaintiff for the amount expended by her in and about the treatment of said injuries, including medical attendance.    *    *    *    "

The only testimony touching the subject of the value of medical treatment was given by the plaintiff, who simply testified that she paid Dr. McCrimmon $50, and the testimony of Dr. McCrimmon himself, who testified that he charged $56, and that she paid it.    Authorities may be found which hold that evidence showing the amount paid for such services, the extent of the injuries, the particular services required and the number of visits made by the physician, is sufficient to go to the jury under proper instructions, upon the theory that the facts shown by such evidence form a substantial basis from which the jury may determine whether or not the charge as made was in fact reasonable.    But the rule of law in such a case is: "The measure of the recovery under this head is not necessarily the amount paid for medical attendance.    The reasonableness of the charges must be established.    The reasonable charges intended are the

reasonable charges of the profession generally, and not the usual charges of the particular physician or surgeon who is testifying on that issue.'' (6 Thompson on Negligence, 7329.)

The error in subdivision 5 of instruction 11 above, is apparent. The court announces an incorrect rule. In fact, it practically directed the jury to find for the plaintiff in the sum paid for the medical services, without regard to the question of the reasonableness of the fee. This the court had no right to do. It was for the jury to determine from all the evidence whether the amount paid was in fact the reasonable value of the services rendered.

We have examined the other assignments made, but find no merit in any of them.

The cause will be remanded to the district court with directions to grant the defendant a new trial, unless, within thirty days after the filing of the *remittitur* with the clerk of the district court, the respondent shall file with said clerk her consent in writing, that the judgment may be modified by deducting from the amount thereof, as of the date of its rendition, the sum of $56. If such consent be given, then the judgment shall be modified accordingly, and in that event the judgment, as modified, and the order denying defendant a new trial, will be affirmed.

*New trial granted nisi.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.