EMMA LIVINGSTON, Respondent, v. CITY OF ST. JOSEPH et al., Appellants.

Kansas City Court of Appeals, November 17, 1913.

1. **NEGLIGENCE: Municipal Corporations: Snow and Slush: Footprints.** A city is not liable for the dangerous condition of its sidewalks which comes from snow, which has fallen over a wide extent, partially melting and forming slush which would freeze into uneven surface made by the footprints of pedestrians. But the rule would be different if the slush was by water running across the walk at some definite place.

2. ————: **Specific Place in Walk: Water from Hydrant.** A hydrant on property adjoining a sidewalk ran water in the winter time over the premises and down across the walk. It had been in such condition for a great length of time when a snow fell. The water ran into the snow on the walk and made it uneven slush, aggravated by the footprints of pedestrians. This was frozen. A woman attempted to pass over it, when she slipped and fell. It was *held* that this did not make a case for the rule that a city was not liable for the general condition of the entire city, or a large part of it, caused by the elements; but it was distinguishable in that this was a specific place where the dangerous condition existed which could have been readily relieved and the city was liable in damages.

Appeal from Buchanan Circuit Court.—*Hon. C. H. Mayer,* Judge.

AFFIRMED IN PART, REVERSED IN PART.

*Frank V. Fulkerson, L. E. Thompson, Herman Hess, and Spencer & Landis* for appellants

*Gabbert & Mitchell* for respondent.

ELLISON, P. J.—Plaintiff received personal injury by falling on one of the sidewalks in St. Joseph in front of property owned by that city's codefendants, James and wife. She obtained judgment against all the defendants and they appeal.

The evidence tended to show that plaintiff fell on the sidewalk on Faraon street between Twelfth and Thirteenth at about noon, on the 3rd of January, 1912, and that her fall was caused by ice formed from a combination of water and snow, the water coming from a hydrant on the premises occupied by James and wife. Four or five days preceding her fall, a three inch snow had fallen and on the morning of the day she fell one inch more was added. The water escaping from the hydrant ran off the adjoining premises onto the sidewalk, making a slush at that place and the weather being cold it froze unevenly; some spots being from two to four inches higher than others. The evidence tended to show it was one of those abruptly higher places that caused plaintiff to slip and fall.

Defendant city likens the case to those where the fall of snow being general over the city and freezing and thawing going on, together with the passing of pedestrians, caused footprints to be made in the slush, which, when frozen, would make a rough and uneven surface. But those are cases where the condition, caused by the elements, existed over all, or large parts, of the city, a condition which the city is powerless to prevent and necessarily slow to remedy. The case made by plaintiff is not of that kind. Her case is not where melting snow flowed and froze on the walk from terraces or sloping ground. Nor did she fall in con-

sequence of a dangerous condition arising from the elements and which extended over large areas. It is true that falling snow and freezing weather appear as facts in the case, but the controlling feature condemning the city is, that there was an additional cause—a special cause—confined to a small and definite place, which was in the power of the city to remove. That was the flowing hydrant. That fact had a controlling influence in bringing about plaintiff's misfortune. The distinction to be made in these cases is fully considered by the Supreme Court in Reedy v. Brewing Association and City of St. Louis, 161 Mo. 523, approved in Vonkey v. St. Louis, 219 Mo. 38, and we need say no more than to refer to those decisions.

While there was evidence tending to show that plaintiff knew of the conditions of the walk at the place she fell, yet the question of due care on her part, in these circumstances, was properly submitted to the jury. It is not a case which would have justified the court in declaring plaintiff guilty of want of care, as a matter of law.

Complaint is made of the instruction for plaintiff using the term unsafe and dangerous in describing the sidewalk instead of its being "reasonably safe." Whatever inaccuracy or error there is in this was cured by defendant city adopting it in instructions in its behalf.

There was evidence sufficient to submit to the jury the question of the city's knowledge of the dangerous place. The hydrant was shown to have been running water across the walk for a considerable period of time. The season was winter and the city authorities must have known the danger of allowing water, which could have been stopped with slight effort, to flow across a walk, especially after a snow had fallen and laid upon the walk for four or five days.

We are however of the opinion that there was no evidence to support the allegation of the petition as

to the defendants, James and wife. The hydrant was one which was opened by turning a valve with a small metal wheel and to open it took the active agency of a person. The evidence wholly failed to sustain the charge and their demurrer to the evidence as against them should have been sustained. The judgment will therefore be affirmed as to the defendant city but reversed as to them. All concur.