ANNIE ALBRITTON, Respondent, v. KANSAS CITY, Appellant.

Kansas City Court of Appeals, February 7, 1916.

1. **NEGLIGENCE: Municipal Corporations: Ice on Sidewalks.** While walking along one of the streets of Kansas City the plaintiff fell upon an icy sidewalk and was severely injured. A heavy snow fall, reduced from day to day by melting and evaporation and rendered rough and uneven by freezing and usage by pesdestrians causing the formation of mounds and ridges, made the sidewalk where plaintiff fell dangerous for travel. This condition of the sidewalk had existed for several days. It was *held* that no error was committed in the refusal of the city's request for a peremptory instruction to the jury to find for defendant.

2. ———: **Duty of Cities.** A city is required to exercise reasonable care to keep its sidewalks clear from all dangerous obstructions and ice and snow suffered to accumulate upon a sidewalk and to assume an especially dangerous form is such an obstruction.

3. ————: Instructions: Reasonable Care.  An instruction which states that "it is the duty of the city to keep its sidewalks in a reasonably safe condition for travel" is erroneous.  The city's duty is to exercise reasonable care to keep them in such condition.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson,* Judge.

REVERSED AND REMANDED.

*A. F. Smith, A. F. Evans* and *Hunt C. Moore* for appellant.

*Chapman & Hanger* and *T. J. Allbritain* for respondent.

JOHNSON, J.—Plaintiff sued for damages she alleges she sustained from negligence of defendant in permitting ice, which had become a dangerous obstruction to travel, to remain upon a public sidewalk.  The defense is a general denial and contributory negligence.  Verdict and judgment were for plaintiff and defendant appealed.

In the morning of March 2, 1912, plaintiff, while going to work at a laundry where she was employed, slipped and fell upon an icy sidewalk and was severely injured.  The sidewalk was on the east side of Prospect avenue between Fifteenth and Sixteenth streets and adjoined the laundry which was at the southeast corner of Fifteenth street and Prospect avenue.  Plaintiff, who lived on the west side of Prospect avenue south of Sixteenth street, had crossed to the east side and was walking north in a narrow path worn by pedestrians through the snow which covered the sidewalk, when she slipped and fell.

The records of the weather bureau at Kansas City show that on February 25th and 26th, ten inches of snow fell which the next day was reduced by melting

and evaporation to six and one-half inches. The next day was colder and the snow on the ground was reduced only three-tenths of an inch, and in the two days following (Feb. 29th and March 1st), the snow further was reduced to five and four-fifths inches. Early in the morning of March 2d, the date of the injury, snow began falling and at the end of the day the total precipitation was eleven and one-half inches. At the time of the injury, not over an inch had fallen, and plaintiff claims the fall of snow that morning was much less than that.

The evidence most favorable to plaintiff, which, of course, we must accept as true in our consideration of the demurrer to the evidence, tends to show that the heavy snow which had fallen almost a week before the injury had not been removed from the sidewalk on Prospect avenue adjoining the laundry property and that the pedestrian travel which was heavy had beaten down a pathway about eighteen inches wide and with the aid of alternate freezing and thawing the path had been converted into ice which, at places, had formed into ridges and mounds which made the surface extremely ragged, uneven and dangerous. This condition, which had continued three or four days, is described by plaintiff and her witnesses as one which presented a far more difficult and dangerous obstruction to travel than that which is spoken of in some of the reported cases as a general condition of snow and ice which ordinarily would result from not removing fallen snow from the sidewalks.

A city is not liable to respond in damages for injuries resulting from such general conditions. The law, as declared in the decisions in this State, does not impose the duty upon the city of keeping the public sidewalks clear of snow and ice, deeming that such a rule would be impracticable or, at any rate, too burdensome. [Vonkey v. St. Louis, 219 Mo. 37; Livingston v. St. Joseph, 174 Mo. App. 636; Reedy v. Brew-

ing Assn., 161 Mo. l. c. 536; Hatch v. Elmira, 142 App.
Div. N. Y. 174; 126 N. Y. S. 863; Hyer v. Janesville,
101 Wis. 301.] But the city is required to exercise
reasonable care to keep its sidewalks clear from all
dangerous obstructions which do not belong to a gen-
erally dangerous condition produced by natural causes
and the law recognizes that snow and ice which has
been suffered to accumulate upon a sidewalk and to
assume an especially dangerous form is such an ob-
struction, the abatement of which should be included
within the scope of the general duty of the city to
exercise reasonable care to keep its sidewalks in a
reasonably safe condition for travel. "Snow and ice
allowed to accumulate on a walk in an uneven and
ridgy condition so as to constitute an obstruction to
public travel renders it defective and actionably so."
[Vonkey v. St. Louis, supra l. c. 44; Reno v. City, 169
Mo. 342; Barker v. City, 150 Mo. App. 390; Canter-
bury v. City, 149 Mo. App. 520; Fogg v. City, 173 S.
W. (Mo. App.) 712.]

The evidence of plaintiff brings the obstruction
within the class of actionable defects and since it
abundantly supports an inference that the defect had
existed long enough for defendant in the exercise of
reasonable care to have discovered and removed it,
and the further inference that plaintiff was walking
with reasonable care, we must hold that no error was
committed in the refusal of defendant's request for a
peremptory instruction.

But the judgment must be reversed and the cause
remanded because of prejudicial error in the first in-
struction given at the request of plaintiff. In the first
place, the duty of the city is not, as stated in the in-
struction, "to keep its sidewalks in a reasonably safe
condition for travel," but *to exercise reasonable care*
to keep them in such condition. This error must be
deemed prejudicial, since it was a serious question

under all the evidence, whether the defect had reached the stage of coming within the purview of defendant's duty in time for defendant, by the exercise of ordinary care, to have discovered and removed it before the time of the injury.

A more serious error is that the hypothesis upon which a recovery by plaintiff is authorized is so broad that it includes not only actionable but non-actionable defects. Snow allowed to remain on public sidewalks invariably, when subjected to alternate processes of thawing and freezing, becomes more or less rough, uneven and slippery and, of course, more or less dangerous. That, we have pointed out, is a natural and general condition for which the city cannot be held responsible and the instruction in allowing a recovery for such condition enlarged the scope of defendant's liability beyond its proper limits.

We find no other prejudicial error in the record but for that noted the judgment is reversed and the cause remanded.

All concur.

## ON MOTION FOR REHEARING.

JOHNSON, J.—Although an instruction in the case of Reno v. City, 169 Mo. 642, defined the duty of the city in substantially the same language as that employed in the instruction under consideration the accuracy of that definition was not discussed and so far as the opinion discloses was not questioned by the appellant. As compared with sidewalks which are free from snow and ice, icy sidewalks present risks and dangers which render them unsafe and call for the exercise of great care by the pedestrian in using them. To tell the jury in a case such as the present that without qualification "it was the duty of the city to keep its sidewalks in a reasonably safe condition" is to say, in substance, and effect that the city, in the

performance of such duty must keep its sidewalks free from all snow and ice and will be responsible for a general condition of roughness or unevenness caused by travel over uncleaned sidewalks as well as for an unusually defective local condition caused by specially obstructive and dangerous formations of snow and ice. The opinion in the Reno case recognizes the distinction we have drawn and applied between general and special conditions: "It may be conceded that a city is not liable for accidents occasioned by mere slipperiness caused by ice upon its sidewalk, but if the ice is so rough and uneven, or so rounded up, or at such an incline as to make it an obstruction, and to cause it to be unsafe for travel with the exercise of ordinary care, then it is liable for injuries sustained by a pedestrian under such circumstances" [1. c. 656].

But whether it does or not the more recent decision of the Supreme Court in Vonkey v. St. Louis, does and we think clearly holds that unevenness and roughness produced by travel through snow and slush which afterwards freezes and presents no obstructive or dangerous features which are not common to the general condition of snow and ice are not to be classed as actionable defects. The premise in the instruction under consideration that "such snow was permitted to remain on the sidewalks and by melting and freezing had become rough and uneven . . . and the said sidewalk by reason of said snow and ice had become and was in an unsafe condition," etc., is a description of a general instead of a special local condition is, therefore, vitally different from the hypothesis submitted to the instructions in the Reno case and is opposed to the doctrine of the Vonkey case.

It is true, as suggested by counsel for plaintiff that a plaintiff is not required to put his evidence in his instructions, but he is bound when he undertakes to state the hypothesis on which he is entitled to recover to state it correctly, within the limits of the

pleadings and evidence and not in a way to authorize the jury to return a verdict for him on a state of facts from which no liability of defendant could have arisen.

The motion for rehearing is overruled.