## CITY OF LINTON *v.* JONES.

[No. 10,744.    Filed April 7, 1921.]

1. MUNICIPAL CORPORATIONS.—*Sidewalks.*—*Accumulation of Ice.*—*Injuries to Pedestrian.*—*Liability of City.*—While a city is not liable for injuries arising from a general slippery condition of a sidewalk resulting from an accumulation of snow or ice through natural causes, nevertheless liability may exist where such snow or ice has been so changed in form from its original condition as to become an obstruction to travel by reason of being rough and uneven.  p. 322.

2. MUNICIPAL CORPORATIONS.— *Ice on Sidewalks.*— *Injuries to Pedestrian.*—*Jury Questions.*—In a pedestrian's action against a city for injuries resulting from a fall on an icy sidewalk, question of whether the ice had become an obstruction to travel by reason of being rough and uneven, *held* for the jury.  p. 323.

3. APPEAL. — *Review.* — *Verdict.* — *Conclusiveness.*— The jury's finding on an issue of fact, as to which there was sufficient evidence to warrant submission to the jury, is binding on the court on appeal.  p. 323.

4. MUNICIPAL CORPORATIONS.—*Streets.*—*Care Required of City.*—It is the duty of a city to use active vigilance to keep its streets in a safe condition for travel and to ascertain whether defects exist therein.  p. 323.

5. MUNICIPAL CORPORATIONS.—*Streets.*— *Defects.*— *Constructive Knowledge.*—Where an unsafe condition of a street has existed therein for such a length of time that, considering the attending circumstances, the city or its officers might have obtained knowledge of it by the exercise of a reasonable degree of diligence in giving attention to the condition of its streets, knowledge of such condition will be implied.  p. 323.

6. APPEAL.— *Review.* — *Verdict.* — *Conclusiveness.* — Where the facts and circumstances in evidence are such as to permit contrary inferences, either of which would be reasonable, the court on appeal must adopt the inference drawn by the jury.  p. 325.

7. APPEAL.— *Briefs.*— *Questions Presented.*— *Propositions and Points.*—Statements in appellant's propositions or points that "appellee was guilty of negligence on her part which contributed to her injury" and that "appellee assumed the risk which brought about her injury," are insufficient, standing alone, to present any question for review.  p. 326.

City of Linton *v.* Jones—75 Ind. App. 320.

8. APPEAL.—*Review.*—*Incomplete Instructions.*—The giving of an incomplete instruction which correctly states the law as far as it goes is not reversible error. p. 326.

9. APPEAL.—*Review.*—*Harmless Error.*—*Error in Instruction Favoring Appellant.*—Error in instructions which operates in favor of appellant is not ground for reversal. p. 327.

10. APPEAL.—*Briefs.*—*Sufficiency.*—*Questions Presented.*—*Instructions.*—Appellant's statement in its propositions or points, that "the court erred in refusing to give at the request of appellant instruction numbered eight" is not sufficient to present any question for determination on appeal. p. 327.

From Greene Circuit Court; *Thomas Van Buskirk,* Judge.

Action by Maggie E. Jones against the City of Linton. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Henry Bordenet,* for appellant.
*A. M. Beasley,* for appellee.

BATMAN, J.—Appellee filed her complaint against appellant to recover damages on account of personal injuries, alleged to have been received by reason of the latter's negligence in failing to use due care to keep a certain sidewalk within its corporate limits in a reasonably safe condition. Issues were joined by an answer in general denial, after which the cause was submitted to a jury for trial resulting in a verdict and judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled, and this action of the court is made the basis of the only error assigned on appeal.

Appellant contends that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. As preliminary to a consideration of the main contention under these reasons for a new trial, we note that the condition, which the evidence tends to show rendered the sidewalk in question unsafe, was caused by

the same being covered with ice from natural causes to a thickness of about three inches, which had been cut out in places by shovels in removing the snow therefrom, leaving the same "bumpy" and slick by being "glazed over." It has been held in this state that the law does not impose upon a city the duty of removing from its streets and sidewalks all snow that falls, or ice that forms thereon. *McQueen* v. *City of Elkhart* (1896), 14 Ind. App. 671, 43 N. E. 460. Circumstances may exist, however, which make it the duty of a city to remove the same, as where water is collected and confined in an artificial channel, and thereby cast in a body upon a sidewalk where it remains and freezes in such form as to constitute an obstruction to travel. *City of Muncie* v. *Hey* (1905), 164 Ind. 570, 74 N. E. 250.

The general rule, as to the liability of cities for injuries caused by the presence of snow or ice on the sidewalks thereof, as gathered from the best reasoned decisions seems to be, that while a city is not liable for injuries arising from a general slippery condition of a sidewalk made so from an accumulation of snow or ice through natural causes, nevertheless liability may exist where such snow or ice has been so changed in form from its original condition as to become an obstruction to travel by reason of being rough and uneven. *Evans* v. *Concordia* (1906), 74 Kan. 70, 85 Pac. 813, 11 Ann. Cas. 281, 7 L. R. A. (N. S.) 933; *Storm* v. *City of Butte* (1907), 35 Mont. 385, 89 Pac. 726; *Huston* v. *City of Council Bluffs* (1897), 101 Iowa 33, 69 N. W. 1130, 36 L. R. A. 211; *Albritton* v. *Kansas City* (1916), 192 Mo. App. 574, 188 S. W. 239; *Tobin* v. *City of Waterloo* (1906), 131 Iowa 75, 107 N. W. 1031; *Gregg* v. *Town of Springville* (1919), (Ia.) 174 N. W. 23; *Abbott* v. *City of Springfield* (1919), (Mo. App.) 210 S. W. 443; *Reedy* v. *St. Louis, etc., Assn.* (1901), 161 Mo. 523, 61 S. W.

859, 53 L. R. A. 805; *Griffin* v. *City of Marion* (1914), 163 Iowa 435, 144 N. W. 1011; *Livingston* v. *St. Joseph* (1913), 174 Mo. App. 636, 161 S. W. 304; *Stone* v. *Inhabitants, etc.* (1868), 100 Mass. 49; *Sankey* v. *Chicago, etc., R. Co.* (1902), 118 Iowa 39, 91 N. W. 820; *Mareck* v. *City of Chicago* (1899), 89 Ill. App. 358; *Broburg* v. *City of Des Moines* (1884), 63 Iowa 523, 50 Am. Rep. 757, 19 N. W. 340. In the instant case we are of the opinion, that whether the condition of the sidewalk, at the place appellee received her injuries, was in such condition as to render appellant liable therefor, was a question for the jury. Its decision in that regard was in favor of appellee, and we are bound thereby.

But appellant's chief contention, with reference to the sufficiency of the evidence to sustain the verdict, is based on a claim that the evidence fails to show that it had either actual or constructive knowledge of the unsafe condition of the sidewalk in question, prior to the time appellee received her alleged injuries. We are of the opinion that there is no evidence which can be said to show that appellant had any actual knowledge of such unsafe condition. The question as to whether it had constructive knowledge of such condition is a more serious one. The jury evidently found that appellant had such knowledge, and if there is any direct evidence tending to establish such fact, or facts from which it may be reasonably inferred that appellant had such knowledge, we must hold the evidence sufficient in that particular. In determining whether appellant had such knowledge, it must be borne in mind that it was its duty to use active vigilance with reference to its streets, and if an unsafe condition had existed therein for such a length of time that, considering the attending circumstances, appellant or its officers might have obtained knowledge of it by the

exercise of a reasonable degree of diligence in giving attention to the condition of its streets, knowledge of such condition will be implied. *City of Fort Wayne* v. *Patterson* (1891), 3 Ind. App. 34, 29 N. E. 167. The evidence tends to show that appellee received her alleged injuries, on January 30, 1918; that for several weeks prior thereto it had been snowing at intervals; that the snow at times would melt to some extent, and the water therefrom would then freeze, thereby forming ice on the streets and sidewalks; that snow would again fall and cover the ice thus formed; that during such period ice had accumulated in this way on the sidewalk on Vincennes street in the city of Linton in front of the property of one Henry Klink, although he had removed the snow therefrom at different times; that on the date appellee received her alleged injuries, the accumulation of ice on said sidewalk was about three inches thick, and had an uneven surface, described by appellee as "bumpy" and "glazed over"; that such condition had been caused by the removal of the snow with a shovel, whereby the ice was cut into deeper at some places, than at others; that it had snowed previous to the morning of the day on which appellee was injured; that said Klink removed the snow from said sidewalk about nine o'clock of said day, and left the same in the condition described; that late in the afternoon of January 30, 1918, appellee was passing along said sidewalk, and in attempting to avoid a slick place thereon, slipped and fell on her right shoulder; that appellant had a street commissioner at said time, and for several weeks prior thereto, whose duties required that he keep the streets and sidewalks of said city free from obstructions, and in a reasonably safe condition for travel; that he was familiar with said Vincennes street, including the sidewalk in question, at the time appellee received her injuries; that the winter had been very

severe, and the streets and sidewalks were, at that time, and had been for several weeks prior thereto, covered to a large extent with snow and ice, rendering travel thereon difficult, and in some instances dangerous; that said street commissioner knew that said Klink had been cleaning the snow off said sidewalk from time to time, including the morning appellee received her injuries, and that ice had accumulated thereon, some of which still remained. In fact the evidence given by said street commissioner permits an inference, that he saw the sidewalk in question on the day appellee received her injuries, but gave the matter so little attention that he did not ascertain its condition, as appears from the following: "Q. What was the condition of Vincennes street at that time, with reference to snow and ice? A. There was snow and ice on the street. Q. How was the sidewalk in front of Henry Klink's house on the south side of Vincennes street on that day? A. Well, I think they had cleaned their sidewalk off on that side of the street pretty good. Q. Had you seen it? A. Yes sir. Q. And you don't remember the particular condition of this walk in front of Henry Klink's on the 30th day of January 1918. A. No sir I don't." No absolute rule has been, or can be laid down for determining the question before us, other than the 6. general one stated above. In most cases the question of constructive knowledge is one for the jury, under proper instructions, and in the determination of which, all attending facts and circumstances may be properly considered. In view of the fact, that the evidence tends to show that the streets of said city, generally, had been rendered more or less dangerous by the action of the elements, at the time appellee received her injuries, and as a consequence, reasonable care would seem to require increased vigilance on the part of appellant in regard to the safety of its streets, we are of

the opinion, that the facts and circumstances stated are sufficient to permit contrary inferences regarding the question under consideration, either of which would be reasonable. In view of this fact, it is our duty to adopt the inference drawn by the jury, although a contrary inference may be equally as reasonable, and one we might have been the more inclined to draw, had the question been submitted to us as an original one. *Bilskie* v. *Bilskie* (1919), 69 Ind. App. 595, 122 N. E. 436; *Louisville, etc., R. Co.* v. *Western Union Tel. Co.* (1916), 184 Ind. 531, 111 N. E. 802, Ann. Cas. 1917C 628; *Bright Nat. Bank* v. *Hartman* (1915), 61 Ind. App. 440, 109 N. E. 846; *National Life Ins. Co.* v. *Headrick* (1916), 63 Ind. App. 54, 112 N. E. 559.

Appellant states in its propositions or points under number 6, that "Appellee was guilty of negligence on her part which contributed to her injury," and

7. under number 7, that "Appellee assumed the risk that brought about her injury." These questions, under the evidence, were clearly matters for the determination of the jury, but if it were otherwise we could not consider the same, as such statements, standing alone, do not present any question. *Wysor Land Co.* v. *Jones* (1900), 24 Ind. App. 451, 56 N. E. 46; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 78 N. E. 1033. We conclude that appellant's contentions, that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law. are not well taken.

Appellant claims that the court erred in giving instructions Nos. 1, 3, 8, 10 and 10½. The objections made to said instructions Nos. 1 and 3 are not of

8. such a character as to render their giving reversible error, as the jury was not misled thereby to appellant's prejudice. A casual reading of the second paragraph of the complaint discloses that appel-

lant's objection to instruction No. 8 is not well taken. The objection to instruction No. 10 is based on a claim that it is incomplete. If we concede that this is true, still there would be no reversible error in giving said instruction, as it correctly states the law as far as it goes. *Valparaiso Lighting Co.* v. *Tyler* (1911), 177 Ind. 278, 96 N. E. 768; *Vandalia Coal Co.* v. *Coakley* (1916), 184 Ind. 661, 111 N. E. 426. Instruction No. 10½ is not a correct statement of the law, but inasmuch as the error resulting from its giving, operated in favor of appellant, it affords it no ground for reversal. *Chicago, etc., R. Co.* v. *Steele* (1918), 187 Ind. 358, 118 N. E. 824, 119 N. E. 483; *Pennsylvania Co.* v. *Stalker* (1918), 67 Ind. App. 329, 119 N. E. 163.

Appellant's motion for a new trial is based in part on the action of the court in refusing to give each of ten instructions requested by it, but the following is the only reference made thereto in that part of its brief devoted to a statement of propositions or points: "The court erred in refusing to give at the request of appellant instruction numbered eight." This is not sufficient to present any question for our determination. *Evansville, etc., R. Co.* v. *Hoffman* (1917), 67 Ind. App. 571, 118 N. E. 151. We conclude that the court did not commit reversible error in overruling appellant's motion for a new trial, and the judgment is therefore affirmed.