MORRISON, RESPONDENT, *v.* CITY OF BUTTE ET AL., APPELLANTS.

(No. 4,922.)

(Submitted October 24, 1922. Decided November 22, 1922.)

[211 Pac. 208.]

*Personal Injuries—Cities and Towns—Defective Sidewalks—
Snow and Ice—Complaint—Sufficiency—Liability of Cities
—Instructions—Proper Refusal.*

Personal Injuries—Sidewalks Covered With Snow and Ice—Complaint—
    Sufficiency.
    1. Where, in a pedestrian's action against a city for personal in-
    juries sustained in slipping on an icy sidewalk, the complaint
    consisted of two counts, one based on a violation of an ordinance
    requiring iron covers on openings in the walk to be safeguarded
    by nonslippery material, and the other alleging general negligence
    in failing to keep the walk in a reasonably safe condition, sufficiently
    pleaded, and the former was withdrawn upon its being made to
    appear by the evidence that the iron covering was coated with ice,
    demurrer interposed on the theory of liability under the ordinance
    rather than that of general negligence was properly overruled.
Same—Liability of City—Requested Instructions—Proper Refusal.
    2. Instructions unqualifiedly announcing that mere slipperiness of a
    sidewalk occasioned by snow or ice, not accumulated so as to con-
    stitute an obstruction, and that a fall upon smooth or level ice,
    parallel with the surface of the walk, are not such defects as will
    render the municipality liable in damages for injuries sustained on
    account of them, were properly refused as too broad, in that they
    took away from consideration of the jury the questions of notice to
    the city of the condition of the walk and its action or nonaction
    thereafter.

---

1. Liability of municipality for injuries resulting from slippery or
smooth condition of sidewalk due to wear or nature of material, .see
note in Ann. Cas. 1913A, 670.

[65 Mont. 130.]

*Appeals from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Elizabeth A. Morrison against the City of Butte and others. Judgment for plaintiff, and defendants appeal from it and from the order denying a new trial. Affirmed.

*Mr. J. O. Davies, Mr. M. J. Cavanaugh* and *Mr. D. H. Wittenberg,* for Appellants, submitted a brief; *Mr. Davies* argued the cause orally.

*Mr. Dan Maloy* and *Mr. N. A. Rotering,* for Respondent, submitted a brief and argued the cause orally.

MR. COMMISSIONER BORTON prepared the opinion for the court.

This is an appeal by the city of Butte (defendant below) from a judgment entered against it and from an order overruling its motion for a new trial. Appellant in its brief suggests to the court that there are but two questions involved in this appeal, namely: (1) Does the complaint state a cause of action? and (2) Is the evidence sufficient to make out a case of negligence so that the court was correct in refusing to direct a verdict for the defendant? It has presented in its brief and argued, however, one other question, and it is this: "Did the court err in refusing to give defendants' requested instructions 11a and 13a?"

Appellant's defense in the court below was that there was [1] no liability on the part of the city for the condition of certain iron doors in the sidewalk, by reason of which it assumes the plaintiff sustained the injuries. Appellant misconceived, in part, the import of the complaint. The complaint predicated a cause of action upon a violation of a city ordinance requiring in substance that openings in the sidewalk should be so covered that the surface of the covering would be of nonslippery material. The complaint went further than this. It set out facts, aside from the violation

of the city ordinance, which stated a cause of action of negligence on the part of the city in failing to keep its sidewalks in a reasonably safe condition. The trial court, upon the presentation of the evidence, when it was shown clearly by respondent's witnesses that the iron doors were covered with ice at the time of the accident, promptly withdrew the cause of action predicated upon the slipperiness of the iron doors, and continued to try and submitted the case to the jury upon the theory of general negligence.

Appellant's contention on demurrer and all through the trial was upon the theory of a liability on the ordinance rather than the general negligence theory. So, properly, the court held the complaint stated a cause of action. Likewise, and for the same reason, the court was correct in refusing appellant's requested instruction for a directed verdict, and for the further reason that there was sufficient evidence to go to the jury on the theory of general negligence.

Appellant complains of the action of the court in denying its motion for a new trial. It premises its argument for that motion upon the two points that have been disposed of above, namely, that the complaint does not state a cause of action, and that the evidence did not support the verdict. Therefore there is no merit in its contention that the court erred in overruling its motion for a new trial.

[2] The court properly refused appellant's requested instruction No. 13a, which is as follows: "The court further instructs you that the mere slipperiness of a sidewalk occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby." This language is nearly the language employed by this court in *Storm* v. *City of Butte,* 35 Mont. 385, 89 Pac. 726, when it quoted from 2 Dillon on Municipal Corporations, section 1006, the difference being that in the quotation the word "ordinarily" is inserted after "not" and before "such." With this correction, the instruction would read: "The mere slipperiness of

[65 Mont. 130.]

a sidewalk occasioned by ice or snow not being accumulated so as to constitute an obstruction is not *ordinarily* such a defect as will make the city liable for damages occasioned thereby."

There is a wide difference between the two statements; a qualification being inserted in one that is not at all in the other. Such a qualification is necessary in an instruction of this character, for without it a city would never be liable for injury caused by slippery ice. It would take out of consideration notice to the city of the condition of its sidewalks and likewise the action of the city upon that notice in removing such ice from its sidewalks. The court was clearly correct in refusing to give the requested instruction.

Defendant proposed that the court give the following instruction, No. 11a: "You are instructed that for a fall upon smooth and level ice, parallel with the surface of the sidewalk beneath, a municipal corporation such as this defendant is not liable." This instruction falls short too of stating the law upon which it is predicated. These two instructions, 13a and 11a, both have the same inherent weakness. There is no qualification in either of them. What we have to say upon 13a is applicable to 11a. Further, the theory of defendant, as developed by its evidence, was that there was no ice upon the sidewalk at all, and no evidence was adduced which formed a basis for either requested instruction. So both were properly refused.

We recommend that the judgment and order be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*