[No. 10,002.]

## THE PEOPLE v. JOHN WOOLEY.

INDICTMENT FOR ARSON.—An indictment for arson, which charges that the defendant, at a time named, was in the county where it is found, and then and there feloniously burned a building, sufficiently shows that the offense was committed at a place within the jurisdiction of the Court.

IDEM.—In an indictment for arson, the building burned may be alleged to have been the property of one not the owner, but who was occupying it as a residence when it was burned.

APPEAL from the County Court of Shasta County.

The facts are stated in the opinion.

*Beatty & Denson*, for Appellant.

The indictment states that the defendant was in the county

and State at the time of the burning, but does not locate the dwelling in any county.

*Attorney General Love*, for the People.

By the Court, BELCHER, J.:

The defendant, having been convicted of the crime of arson in the second degree, brings this appeal.

It is objected that the indictment is insufficient, because it does not sufficiently show that the alleged offense was committed at a place within the jurisdiction of the Court.

The charge in thê indictment is thus: "The said John Wooley, on or about the 26th day of January, A. D. 1872, at the county and State aforesaid, then and there being, then and there did willfully, maliciously, deliberately, and feloniously burn and cause to be burned the dwelling house of one Thomas J. Keeton."

By sections eighty-seven and eighty-eight of the Criminal Practice Act, it is provided that when an offense is committed in part in one county and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, or when it is committed on the boundary of two or more counties or within five hundred yards thereof, jurisdiction shall be in either county.

By section two hundred and forty-six it is declared that an indictment shall be sufficient, if it can be understood therefrom, among other things, that the offense was committed at some place within the jurisdiction of the Court.

It appears from this indictment that the defendant then and there being in the county in which the indictment was found *then* and *there* burned the dwelling house of Keeton.

If, as is contended, the defendant *may* have been in one county and the house in another, and more than five hundred yards distant from the boundary thereof, still the act,

the effects of which were seen in the burning, must have been committed in the county in which he was. But if this were so the offense was committed in part in that county and the Court had jurisdiction.

We think the indictment in the respect named sufficient, and that the demurrer was properly overruled.

There is nothing in the point that the ownership of the house is not properly stated, and if properly stated not sustained by the evidence. The case shows that Keeton did not own the house, but that he slept in it the night previous to the fire, and had occupied it as a place of residence for about two months. The statute provides that every house, prison, jail, or other edifice, which shall have been usually occupied by persons lodging therein at night, shall be deemed a dwelling house of any person so lodging therein. (Hittell's Gen. Laws, Art. 1559.)

Judgment affirmed.