[Crim. No. 576. Department Two.—December 29, 1899.]

THE PEOPLE, Respondent, v. K. J. MOONEY, Appellant.

CRIMINAL LAW—ARSON—INTENT TO DESTROY—INSUFFICIENT INFORMATION.—Under section 447 of the Penal Code defining the crime of arson as "the willful and malicious burning of a building with intent to destroy it," the specific intent to destroy the building is an essential ingredient of the offense, and must appear distinctly in the averments of the information, in addition to the averments of willful and malicious burning. An information which merely avers generally that the defendant "did willfully, unlawfully, feloniously, and maliciously set fire to and cause to be burned a certain building," is insufficient to charge the crime of arson.

APPEAL from a judgment of the Superior Court of Merced County and from orders denying a new trial and denying a motion in arrest of judgment. J. R. Webb, Judge.

The facts are stated in the opinion.

James F. Peck, and Frank H. Farrar, for Appellant.

Tirey L. Ford, Attorney General, for Respondent.

GRAY, C.—The defendant appeals from a judgment convicting him of the crime of arson in the second degree, from an order denying him a new trial, and from an order denying his motion in arrest of judgment.

Section 447 of the Penal Code defines arson as "the willful and malicious burning of a building, with intent to destroy it."

The defendant was charged in the information with "the crime of arson, committed as follows: The said K. J. Mooney on or about the fourth day of March, 1899, at and in the said county of Merced, and state of California, and prior to the filing of this information, did willfully, unlawfully, feloniously, and maliciously set fire to and cause to be burned a certain building occupied and used by said Mooney as a notion store, and situated on Main street in the city of Merced," etc. It will be seen that one important element of the crime of arson as defined in the code is the "intent to destroy." The words quoted are a part of the description of the crime of arson, and there can be no such crime in the absence of this intent to destroy. It is therefore necessary that this essential element should be averred in the information, either in the language of the statute or in some other way, so as to make it clearly appear that the defendant had this specific intent and purpose, and that the building was burned by him to carry such intent and purpose into execution. The words "willfully, unlawfully, feloniously, and maliciously" were properly used in the information, but they are not sufficient. Such words import only that criminal intent which is a necessary part of every felony or other crime, but they do not necessarily include the specific purpose to destroy the building which is an element of the crime of arson. "Whether the indictment is on a statute or at the common law, it is a rule, universal and without exception, that every intent, like everything else which the law has made an element of the offense, must be alleged; for otherwise no *prima facie* case appears." (1 Bishop on Criminal Procedure, sec. 523.) It has been held by this court in a burglary case that the information charging that the intent of the defendant in entering the build-

ing was to commit the crime of felony, without stating what particular felony, does not state the offense of burglary. (*People v. Nelson,* 58 Cal. 104.) In another case the indictment was for perjury, and it was held to be just as necessary to allege therein "that the affidavit was delivered with the intent that it be uttered and published as true, as to charge that the affidavit was made by the accused, or that it was false," and that for want of such allegation the information charged no crime. (*People v. Robles,* 117 Cal. 681.) There is nothing in *People v. Wooley,* 44 Cal. 494, in conflict with the principle laid down in the other cases cited above. The question involved here was not raised or discussed in *People v. Wooley, supra.*

The recent case of *People v. Fong Hong,* 120 Cal. 685, cites with approval an instruction of the trial court which accurately sets forth the elements of the crime of arson. It is clear to us that the information in this case does not allege sufficient facts to constitute the crime of arson, and this makes it unnecessary to discuss the other points urged on appeal.

The judgment and orders appealed from should be reversed and the cause remanded.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are reversed and the cause remanded.

Henshaw, J., Temple, J., McFarland, J.