STATE, RESPONDENT, *v.* McCLELLAN, ET AL., APPELLANTS.

[No. 1,479.]

[Submitted January 9, 1900.   Decided February 5, 1900.]

*Criminal Law — Defense — Alibi — Burden of Proof — Appeal — Instructions — Refusal — Witnesses — Cross-Examination — Redirect Examination.*

1. The burden of proof is not shifted by the defense of an alibi, and defendant cannot be convicted if the evidence raises a reasonable doubt of his presence at the time and place where the crime was committed.
2. Defendant cannot predicate error on the giving of an instruction which he requested.
3. An erroneous instruction charging that the defense of an alibi, to be entitled to con-

sideration, must be proved by the defendant, is not cured by a subsequent charge telling the jury to acquit if they had a reasonable doubt of defendant's presence at the time and place of the commission of the alleged crime, as said charges are irreconcilable and misleading.

4. Where the prosecuting witness testified on cross-examination that he had been in jail, he may, on redirect examination, explain the circumstances of his imprisonment.

5. Where a witness for the state testified that the prosecuting witness had paid out money for drinks in a saloon before the alleged robbery was committed, it was competent on cross-examination to show that the prosecuting witness had spent all his money before the robbery.

6. There is no error in refusing an instruction in a criminal case which singles out one witness, and directs the jury to consider his condition in particular at the time of the transactions concerning which he testified.

7. It is not error for the court to refuse a request to charge as to the duty of the jury in their consideration of the testimony of the defendant, where such subject is sufficiently covered by the instructions of the court.

*Appeal from District Court, Ravalli County; Frank H. Woody, Judge.*

Arthur McClellan and Michael Horrigan were convicted of robbery, and they appeal. Reversed.

*Mr. R. Lee McCulloch* and *Messrs. Crutchfield & Draffen,* for Appellants.

*Mr. C. B. Nolan, Attorney General,* for the State

It is never permissible for the defendant, in cross-examining the plaintiff's witness, to inquire of matters which constitute an affirmative defense. Such a course is open to the twofold objection that it is not proper cross-examination, and that it reverses the order of proof. *Hull* v. *State,* 93 Ind. 128; *Schmidt* v. *Schmidt,* 47 Minn. 451; *Sterling* v. *Bock,* 37 Minn. 29; *Wendt* v. *Chicago, etc. R. Co.,* 4 S. Dak. 476; *Da Lee* v. *Blackburn,* 11 Kan. 190; *Elkmaker* v. *Buckley,* 16 S. & R. (Pa.) 72; *McKinley* v. *McGregor,* 3 Whart. (Pa.) 370; *Floyd* v. *Bovard,* 6 W. & S. (Pa.) 75.) Besides the rule is well established that while the opportunity of cross-examining the opposing party's witness is a matter of right, that the latitude allowable in cross-examination is very largely within the discretion of the trial court, and an appellate court will not interfere unless the discretion is oppressively abused. ( *Woolfolk* v. *State,* 85 Ga. 69; *Brooklyn* v. *State,* 26 Tex. Ct.

App. 121; *Commonwealth* v. *Lyden,* 118 Mass. 452; *State* v. *Moy,* 33 So. Car. 39; *The Pennsylvania Co.* v. *Newmeyer,* 129 Ind. 401; *Birmingham Fire Ins. Co.* v. *Pulver,* 126 Ills. 329; *Dunn* v. *Altman,* 50 Mo. App. 231; *Bohan* v. *Avoca Borough,* 154 Pa. State, 404.) Even though on a question of *alibi* the charge of the court contains an objectionable statement of the law, this is no ground for reversal, if the remainder of the charge, or the charge taken as a whole, contains a full and fair exposition of the law. (*People* v. *Levine,* 85 Cal. 39; *People* v. *Farm Pai,* 86 Cal. 225; *People* v. *Chung Heong,* 86 Cal. 329; *Sheehan* v. *People,* 131 Ills. 22; *People* v. *Pearsall,* 50 Mich. 233; *People* v. *Stone,* 117 N. Y. 480; *State* v. *Jaynes,* 78 N. Car. 504; *Com.* v. *Choate,* 105 Mass. 451; *State* v. *Freeman,* 100 N. Car. 429.)

MR. JUSTICE HUNT delivered the opinion of the Court.

Defendants appeal from a judgment of conviction of robbery and from an order overruling their motion for a new trial.

1. On the trial, defendants introduced evidence tending to support an *alibi.* The court gave the following instruction at the request of the state (No. 13): "The court instructs the jury that the defense of *alibi,* to be entitled to consideration, must be such as to show that at the very time of the commission of the crime charged the accused was at another place, so far away, or under such circumstances, that he could not, with any ordinary exertion, have reached the place where the crime was committed, so as to have participated in the commission thereof. The burden is upon the defendant to prove this defense;" and then instructed as follows, at the defendants' request (No. 14): "The court instructs the jury that one of the defenses interposed by defendants in this case is what is known in law as an *alibi;* that is, that the defendants were at another place at the time of the alleged commission of the crime. If proved,—and all of the evidence bearing upon that point should be carefully considered by the jury,—or if, in view of all the other evidence, the jury have any reasonable

doubt as to whether these defendants were in some other place when the crime is alleged to have been committed, they should give the defendants the benefit of the doubt, and find them not guilty.'' ''The court instructs the jury that, as regards the defense of an *alibi*, the defendants are not required to prove it beyond a reasonable doubt to entitle them to an acquittal. It is sufficient if the evidence upon that point raises a reasonable doubt of their presence at the time and place of the commission of the alleged crime.''

Defendants insist that the first of these instructions quoted was erroneous in itself, and not cured by the two, or either of them, thereafter given. This contention is sound. Evidence of an *alibi* is competent under defendant's plea of not guilty. No special averment need be made to warrant the introduction of testimony in support of it. The state must prove the presence of the defendant as part of the essence of the crime as charged, except, of course, where such presence is unnecessary, but that phase of the law we need only mention. There is no *prima facie* case without showing the presence of the defendant; therefore defendant may rebut the evidence of the fact of his presence by evidence of the fact that he was not present. *Alibi* is not a special defense changing the presumption of innocence, or relieving the state of its burden of proving the guilt of the defendant beyond a reasonable doubt. (Bishop's Cr. Proc. Vol. I, Sec. 1066.) The defendant is not bound to establish it by a preponderance of the evidence. (*State* v. *Spotted Hawk*, 22 Mont. 33, 55 Pac. 1026.) It is true that, when the state has made out a *prima facie* case of guilt, the burden is then upon the defendant to rebut such a showing; but, if he relies upon an *alibi*, he is not obliged to prove it as an effect by a preponderance of evidence, for he need only rebut the evidence of his presence by such an amount of evidence as will, upon a consideration of the whole case, raise a reasonable doubt of his guilt of the crime for which he is on trial. (*Schultz* v. *Territory* (Ariz.) 52 Pac. 352.) It is a necessary sequence of the statement that, when the defendant must be proven guilty by the state

beyond a reasonable doubt, if there is a reasonable doubt whether he was present or absent when and where the crime was committed, a reasonable doubt of his guilt has arisen, and acquittal must follow.

The somewhat confused question of how the defense of an *alibi* relates to the whole case in criminal law simplifies itself when we discard the illogical doctrine that it is an affirmative defense, to be proved by the defendant, and substitute therefor the doctrine, which easily flows from the premises already stated, that it is but one of the many defenses offered in rebuttal of the state's evidence, carrying with it to the defendant no burden of proof other than the obligation to introduce evidence sufficient to raise a reasonable doubt. This he may do by evidence sufficient to raise a reasonable doubt of his presence at the place where the act was done, and this doubt may arise without its springing from an affirmatively proved fact that he was somewhere else at the time, and could not have committed it. (Section 3101, Code of Civil Procedure; *Com.* v. *Choate*, 105 Mass. 451; *Johnson* v. *State*, 21 Tex. App. 368, 17 S. W. 252; *State* v. *Taylor*, 118 Mo. 153, 24 S. W. 449; *Peyton* v. *State*, 54 Neb. 188, 74 N. W. 597.)

Subjected to the test of these principles, instruction No. 13 was erroneous. Its effect was to prevent the jury from giving consideration to the defendants' evidence tending to establish an *alibi* unless they had carried their burden, and proved the defense, whereas the court ought to have charged that it was the duty of the jury to consider all the evidence before them, including that bearing upon the *alibi*, and conclude from the whole thereof whether the guilt of the defendants was proven beyond a reasonable doubt. It follows that the burden of proof was not altered by the defense of an *alibi*. If the defendants' evidence upon that point raised a reasonable doubt of their guilt, it became the duty of the jury to acquit, even though they were not satisfied that the *alibi* was clearly established as a fact. (*State* v. *Taylor, supra; Walters* v. *State*, 39 Ohio St. 215; *People* v. *Roberts*, 122 Cal. 377, 55 Pac. 137.)

·What we have just said pertains in many respects to instruction No. 14, given at defendants' request; although, were it not for the greater and farther extending error throughout instruction 13, given at the instance of the prosecution, we should not reverse the case for the erroneous principle announced in No. 14, inasmuch as defendants cannot predicate error upon the giving of an instruction requested by themselves. (*Territory* v. *Burgess*, 8 Mont. 57, 19 Pac. 558.)

Instruction No. 15 was not consistent with No. 13. The one (No. 13) required the defendants to prove an *alibi* and authorized an acquittal on that ground only if the defendants *proved* the *alibi*. Evidence only *tending* to prove it, did not permit the consideration of the *alibi* as a defense. It was useless to defendants unless they had established the fact. Thus, a reasonable doubt of the presence of the defendants at the commission of the offense charged could not avail them, for they were obliged to prove their absence as a fact in negation of the state's necessary proof of the fact of presence. No. 15, on the other hand, told the jury to acquit if they had a reasonable doubt of defendants' presence at the time and place of the commission of the alleged crime. To clearly reconcile these confusing statements is impossible. The supreme court of Iowa, in *State* v. *Maher*, 74 Iowa, 77, 37 N. W. 2, has said that substantially similar charges are not necessarily inconsistent or contradictory, resting their opinion upon the difference between a defense and the evidence tending to establish a defense. But the learned court assume, as a matter of course, that, if the *alibi* is not established by a preponderance of evidence, it is not ‚to be considered as proved, and that, unless so proved, it can have no consideration in controlling their finding on the defense of an *alibi*. With this assumption we cannot agree. In our opinion, too, the argument that a jury would be able to draw the distinction recognized by the Iowa court, at least without special explanation of its possible existence, is strained. The emphasized error in No. 13 cannot well be harmonized with the proposition in No. 15 without overlooking the full applicabil-

ity of the doctrine of reasonable doubt to the whole case; and for this reason the instructions are misleading.

The discordance between the rule that a reasonable doubt justifies an acquittal, yet that, where defendants rely upon an *alibi*, they must prove it by a preponderance of evidence, is especially well pointed out by the very strong reasoning of Chief Justice Adams in his dissenting opinion in *State* v. *Hamilton*, 57 Iowa, 596, 11 N. W. 5, and by Judge Fuller, dissenting, in *State* v. *Thornton*, (S. D.) 73 N. W. 196, 41 L. R. A. 530.

In conclusion, our opinion is that instruction No. 13 was radically wrong, and that the prejudice done by it to the defendants' rights was not cured by instruction 15, for the two are inharmonious and misleading.

We will briefly notice a few points that are apt to arise on another trial of the case.

2. The prosecuting witness testified on his cross-examination that he had been in jail in the springtime of the season of the trial. On redirect examination the county attorney asked him to state why he had been in jail. The defendants objected, and the court overruled the objection. The court was clearly correct. Doubtless the purpose of eliciting the fact from the witness that he had been in jail was to affect the credibility of his testimony, so it became admissible for him to explain the circumstances of his imprisonment.

3. A witness for the state testified that the prosecuting witness had been drinking with the defendants in a saloon about the time of the alleged robbery. On cross-examination he testified to the fact that the prosecuting witness was "treating" other persons, and "paying for the drinks." The defendants then interrogated the witness with a view of eliciting how much money the prosecuting witness expended in the saloon on the evening of the alleged robbery. The court stopped the examination for the reason that it was not proper cross-examination. We think the court erred in this ruling. The witness having testified to the fact that the prosecuting witness had paid out money for drinks before the alleged crime was committed, it was competent on cross-examination

to test the witness' means of knowledge concerning the money paid out, and to show, if it could be shown, that the prosecuting witness had expended all the money he had before the crime charged was committed.

4. The defendants asked for an instruction telling the jury that it was their duty to take into consideration ''the condition the witness was in at the time of the transactions concerning which he testifies, as a test of the accuraceness of his statements.'' It was not error to refuse an instruction which singled out one witness, and directed the jury to consider his condition in particular.

5. The court refused to charge that the jury had no right to disregard the testimony of the defendants merely because they were the defendants, and stood charged with the commission of a crime; and, furthermore, that the defendants' testimony should be fairly and impartially considered, together with all the other evidence in the case. There was no error in the refusal of the court to give this instruction, for the court charged that the defendant in a criminal action may testify in his own behalf, and that the jury, in judging of his credibility and the weight to be given his testimony, should take into consideration the fact that he is the defendant, and the nature and enormity of the crime of which he is accused. There was also a general charge that a witness is presumed to speak the truth; but that this presumption might be repelled by the manner in which he testifies, by the character of his testimony, or by evidence affecting his character for truth, honesty, or integrity, or his motives, or by contradictory evidence, and that the jury were the exclusive judges of his credibility. We hold that this was sufficient, and that there was no error in refusing the instruction requested.

6. Appellants make the point that the evidence is insufficient to sustain the verdict. There was ample evidence to warrant the submission of the case to the jury.

The judgment and order appealed from are reversed, and the cause remanded, with directions to proceed as herein indicated.

*Reversed and remanded.*