STATE, RESPONDENT, v. SCHAEFER, APPELLANT.

(No. 2,358.)

(Submitted February 11, 1907.   Decided February 15, 1907.)

(88 Pac. 792.)

*Criminal Law—Assault with Intent to Kill—Instructions—Evidence—Admissibility—Harmless Error.*

Criminal Law—Assault with Intent to Kill—Erroneous Instruction.
    1.   An instruction charging the jury that, when an unlawful act is shown to have been deliberately committed for the purpose of injuring another, it is presumed to have been committed with a malicious and guilty intent, and that the law presumes that a person intends the ordinary consequences of any voluntary act committed by him, may mislead the jury and should not be given in a prosecution for assault in the first degree, the very gist of which offense is the intent with which it was committed.
Same—Intent—Erroneous Instruction.
    2.   To instruct the jury in a prosecution for assault in the first degree, that if they believe that defendant would have been guilty of the crime of manslaughter, had death resulted from the assault, they should find him guilty of the crime as charged, is error, since intent to kill—the essence of the crime of assault in the first degree—is not always an ingredient of the crime of manslaughter.

Same—Intent—Proper Instruction.

    3.  District courts in instructing juries on the subject of intent in prosecutions for assault in the first degree, where defendant is charged with ''assault with intent to kill,'' should omit all reference to the crimes of murder or manslaughter, and advise them simply that they must find, beyond a reasonable doubt, that the assault was committed with intent to kill, in order to warrant conviction.

Criminal Law—Previous Conviction—Evidence—Harmless Error.

    4.  Where the defendant in a criminal prosecution had testified that he had previously been convicted of a felony, but, in reply to a subsequent question, stated that the judgment of conviction had been reversed on appeal, the action of the trial court in sustaining an objection to the latter question after it had been answered, if error, was harmless, inasmuch as, no motion having been made by the county attorney to strike out the answer, it still remained before the jury for consideration.

*Appeal from District Court, Deer Lodge County; George B. Winston, Judge.*

JOSEPH SCHAEFER was convicted of assault in the first degree, and appeals from the judgment of conviction and an order denying him a new trial. Reversed and remanded.

*Messrs. Rodgers & Rodgers,* and *Mr. John W. James,* for Appellant.

Neither of the presumptions of law embodied in instruction No. 5 are applicable to a case of assault with a specific intent to kill, nor to any case where the specific intent with which the act is done is the very gist of the offense. They can only apply where the intent has been fully consummated, and the intended crime committed, and are held prejudicial where the intent has failed of accomplishment, and the act done is charged to have been done with a specific intent. (*People* v. *Mize,* 80 Cal. 41, 22 Pac. 80; *People* v. *Landman,* 103 Cal. 577, 37 Pac. 518; *Roberts* v. *People,* 19 Mich. 409; *Commonwealth* v. *Hersey,* 2 Allen, 173; *State* v. *Stewart,* 23 Mo. 420, *State* v. *Glovery,* 10 Nev. 26; *Patterson* v. *State,* 85 Ga. 131, 21 Am. St. Rep. 152, 11 S. E. 620; *State* v. *Hickman,* 95 Mo. 322, 6 Am. St. Rep. 54, 8 S. W. 252; *Simpson* v. *State,* 59 Ala. 1, 31 Am. Rep. 1; *Reagan* v. *State,* 28 Tex. App. 227, 19 Am. St. Rep. 835, 12 S. W. 601; *Jones* v. *State,* 13 Tex. App. 1; *Thomas* v. *State,* 16 Tex. App.

539; *Black* v. *State,* 18 Tex. App. 127; *Lacefield* v. *State,* 34 Ark. 275, 36 Am. Rep. 8; *Chrisman* v. *State,* 54 Ark. 283, 26 Am. St. Rep. 44, 15 S. W. 889; *State* v. *Dolan,* 17 Wash. 499, 50 Pac. 472.)

Instruction No. 14 assumes that an assault committed under the circumstances mentioned in the information—that is, with a loaded firearm, and with the specific intent to kill—means no more than an assault with intent to commit manslaughter; and it eliminates from the crime of an assault in the first degree the question of malice aforethought, either express or implied. (*Pontius* v. *People,* 82 N. Y. 339; *Slattery* v. *People,* 58 N. Y. 354; *Bradley* v. *State,* 10 Smedes & M. 618; *Sarah* v. *State,* 28 Miss. 267, 61 Am. Dec. 544; *Cline* v. *State,* 43 Ohio St. 332, 1 N. E. 22; *Moore* v. *People,* 146 Ill. 600, 35 N. E. 166; *People* v. *Lilley,* 43 Mich. 521, 5 N. W. 982; *Chrisman* v. *State,* 54 Ark. 283, 26 Am. St. Rep. 44, 15 S. W. 889; *State* v. *Stout,* 49 Ohio St. 270, 30 N. E. 437; *State* v. *Lynch,* 20 Or. 389, 26 Pac. 219; *State* v. *Kelly,* 41 Or. 20, 68 Pac. 1; *State* v. *Brooks,* 23 Mont. 155-157, 57 Pac. 1038.)

*Mr. Albert J. Galen,* Attorney General, and *Mr. W. H. Poorman,* Assistant Attorney General, for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

The defendant in this case was convicted of the crime of assault in the first degree, his prosecution being based upon an information which reads, in part, as follows: "The said Joseph Schaefer on or about the ninth day of January, 1906, * * * at the county of Deer Lodge and state of Montana, did then and there willfully, unlawfully and feloniously with a loaded firearm, to-wit, a revolver, * * * then and there assault one Frank Yamer, with intent in (him), the said defendant, to then and there unlawfully, willfully and feloniously kill the said Yamer." From the judgment of conviction and an order overruling his motion for a new trial, the defendant has appealed to this court.

The first specification of error relied upon by the defendant is that the court erred in giving to the jury, of its own motion; instruction No. 5, as follows: "Intent. In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence. The intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused. All persons are of sound mind who are neither idiots nor lunatics nor affected with insanity. And under the laws of the state, when an unlawful act is shown to have been deliberately committed for the purpose of injuring another, it is presumed to have been committed with a malicious and guilty intent. The law also presumes that a person intends the ordinary consequences of any voluntary act committed by him. The latter presumption, however, is termed a disputable presumption, and may be controverted by other evidence."

It is contended that "neither of these presumptions of law embodied in this instruction are applicable to a case of assault with a specific intent to kill, nor to any case where the specific intent with which the act is done is the very gist of the offense; that had the acts of the appellant resulted in the death of Frank Yamer, and had the appellant been charged with the completed offense of murder or manslaughter, then this instruction would have correctly stated the presumption of law, but, where the act done falls short of the intent entertained by the party, and the defendant is charged with doing the act with a specific intent, then these presumptions have no application, for the question of intent becomes a question of fact for the jury to decide, upon all the evidence laid before it, without the aid of any presumption of law."

We are of opinion that this instruction did not tell the jury that the "intent to kill" might be presumed, but only that the intent was presumed to be "malicious." Article 4 of section 7 of the Penal Code is as follows: "The words 'malice' and 'maliciously' import a wish to vex, annoy or injure another person, **or** an intent to do a wrongful act, established either by proof or

presumption of law." The instruction is a substantial copy of parts of sections 20 and 21 of the Penal Code, and sections 3265 and 3266 of the Code of Civil Procedure. Such an instruction may properly be given in a case where the charge and facts warrant, but, when a defendant is on trial for a crime involving a specific intent as the *gist* of the offense, we think it might mislead a jury, and that the portions complained of should be omitted.

The second assignment is that the court erred in giving instruction No. 14, as follows: "You are instructed that to sustain an information for an assault in the first degree the evidence must be such as to warrant a conviction for manslaughter, had death ensued from the assault, and, if you find from the evidence beyond a reasonable doubt that the defendant, Joseph Schaefer, assaulted the said Frank Yamer with the felonious intent to kill the said Yamer in the manner and form charged, and at the time stated in the information, and that you believe, if death had resulted from said assault, that the defendant would have been guilty of the crime of manslaughter, then you will find the defendant guilty of the crime of assault in the first degree as charged in the information."

The essence of the crime of assault in the first degree, as charged in this information, is the intent to kill. The court, in another part of the charge, correctly defined the crime of manslaughter in the words of the Penal Code, as follows: "Manslaughter is defined to be the unlawful killing of a human being without malice, and is of two kinds: (1) Voluntary, upon a sudden quarrel or heat of passion; (2) involuntary, in the commission of an unlawful act not amounting to a felony, or in the commission of a lawful act which might produce death, in an unlawful manner or without due caution or circumspection." (Instruction No. 15.)

Appellant's counsel make the point that the punishment for assault in the first degree, as fixed by the Penal Code, is from five to ten years in the state's prison, and for manslaughter the minimum punishment may be one day in prison. They ar-

gue from this that the legislature cannot be presumed to have intended to prescribe a minimum punishment many times greater for an attempt to commit the crime of manslaughter than for the completed offense.  There is considerable force in the suggestion, although, of course, the legislature had the power to fix the punishment as it saw fit, provided the constitutional provision forbidding cruel and unusual punishments was not violated.

It will be observed that the crime of involuntary manslaughter, in its very terms does not involve any intent—it is involuntary. The jury were told, in effect, that, if they believed, if death had resulted from the assault, that defendant would have been guilty of the crime of involuntary manslaughter, then they should find him guilty of assault in the first degree.  Observe, further, that involuntary manslaughter may be consummated in the commission of an unlawful act *not amounting to a felony.*  Assume that, from the commission of this unlawful act *not amounting to a felony,* death did not result.  The court, however, told the jury that in this latter case the defendant *could* be convicted of a felony.  We think this was error.

We suggest that in future cases of assault in the first degree, where the specific charge in the information is ''assault with intent to kill,'' the district courts omit all reference to the crimes of murder or manslaughter, and advise juries, in lieu thereof, that, to sustain an information for such an assault, they must find from the evidence, beyond a reasonable doubt, that the assault was committed *with intent to kill.*

It is further urged that the court, after defendant had testified that he had previously been convicted of a felony, should have allowed him to tell the jury what the supreme court did with the case on appeal.  The record shows that the defendant answered the question by saying that the lower court was reversed. Thereafter the county attorney objected to this evidence, and the court sustained the objection.  No motion was made, however, to strike out the answer, and the jury had the full benefit of it.

The judgment of the district court of Deer Lodge county is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.