GOBEL, Respondent, v. RINIO, Appellant

No. 8787.

Submitted September 20, 1948. Decided December 2, 1948.

200 Pac. (2d) 700.

236

Murch & Wuerthner, of Great Falls, and Brattin & Habedank, of Sidney, for appellant. Mr. Julius Wuerthner and Mr. Habedank argued the cause orally.

C. T. Sanders and Frederic P. Holbrook, Jr., both of Sidney, for respondent. Mr. Holbrook argued the cause orally.

MR. JUSTICE ANGSTMAN:

Plaintiff brought this action to recover general and special damages in the total sum of $8,725.45 for injuries sustained by him and damages to his automobile alleged to have been caused by the negligence of the defendant in driving his automobile into and against that of plaintiff.

The pleadings and evidence disclose that plaintiff on June 22, 1946, had driven on highway No. 14 in a southwesterly direction from Sidney to a point about four and one-half or five miles from Sidney when his car stalled. His wife and two children were riding with him as well as his wife's father and mother. The accident happened about 9:30 in the evening. The plaintiff and his father-in-law attempted to start the car by pushing it but had been unsuccessful in doing so. The defendant was proceeding in his car toward Sidney and as he approached plaintiff's car the lights on plaintiff's car were on but according to his evidence and the evidence of the other occupants of plaintiff's car they were dimmed. Plaintiff was standing on the ground with the left door of the car partially open and stood between the door and the car giving his wife instructions as to. what to do when he and his father-in-law should attempt again to push the car ahead. The plaintiff and his witnesses testified that his car was well over on its right hand side of the highway with the right wheels off the oiled mat and the left wheels about four feet to the right of the center line. As the defendant's car approached it was well over on its side of the highway but as it got near to plaintiff's car it turned left and struck the left door of plaintiff's car, causing plaintiff to fall to the ground and sustain the injuries complained of. The left front fender and the left light of plaintiff's car were damaged. Plaintiff was taken to the hospital and suffered from a broken jaw and other painful injuries. He was hospitalized and bedridden for some time and was not able to perform any manual labor until some

time in September 1946 when he accepted employment of a less arduous nature than that in which he was formerly engaged.

The defendant in his answer and by evidence took the position that plaintiff was guilty of contributory negligence in that his car was parked on the center of the highway rather than to the right of the center line at the time of the collision and in that the lights on his car were not dimmed.

On most of the material issues, the evidence was conflicting. The jury returned a verdict in favor of the plaintiff for $2,500. Defendant made a motion for new trial which was denied and this appeal from the judgment followed.

The first assignment of error questions the propriety of the court's action in allowing plaintiff's exhibit No. 1 to be received in evidence. This exhibit was a drawing to scale of a section of highway No. 14 approximately four and one-half miles southwest of Sidney and was objected to upon the ground, among others, that it was not identified as being a sketch of the particular part of the highway where the accident took place. The exhibit was simply used for illustrative purposes. This court is committed to the view that the trial court has a wide discretion in admitting any diagram, map or photograph which will aid the jury in applying the evidence and assist the court and jury in understanding the case. Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 Pac. (2d) 1025.

Furthermore, we fail to see where the defendant was prejudiced in the slightest degree in the admission of the exhibit. As above stated, it was simply used to illustrate the position of plaintiff's car at the time of the accident. Even defendant's counsel in objecting to the item in the cost bill for the preparation of this exhibit did so upon the ground "that the map so prepared was not necessary to the trial of said action in any respect whatsoever." We fail to see how the reception in evidence of this map, if erroneous, could possibly have affected the outcome of the case.

The second assignment is based upon remarks of the court,

designed to prevent the defendant from prompting a witness. The defendant contends that the court should have granted a new trial because of irregularity in the proceeding of the court in that connection. It appears that when plaintiff's counsel was cross-examining defendant's wife she was asked the model of the car driven by the defendant. The court made this statement, "Just a minute, you let this witness testify and I don't want any more prompting." Mr. Wuerthner, counsel for defendant, replied: "I am sorry, Your Honor." The court: "I assume you are. I cannot only see him move his lips but I can hear him. You should be able to hear him." The affidavits in support of the motion for new trial assert that the judge's remark was made "in a loud and angry voice and manner" and in the plain sight and hearing of the jury and that the judge did not admonish or instruct the jury to disregard the remarks.

In a counter affidavit filed by counsel for the plaintiff, it was asserted that the remark was not spoken or delivered in a loud or angry voice or manner nor was it accompanied by menacing gestures. The court in denying the motion for new trial stated, "Defendant was sitting back of, and to the left of defendant's chief counsel and defendant's counsel was not in a position to see the defendant without first turning around. Defendant's counsel did not turn around until after the remarks complained of were made. The court, looking directly at the defendant, did not only hear but saw his actions * * *. The court observed the actions of the witness on the stand and was of the opinion that she was being prompted and therefore observed the defendant and could not only see but could hear the prompting of the witness. * * * The court did, in an orderly manner solely for the purpose of requiring orderly conduct in the trial of the action, admonish the defendant not to prompt witness and defendant's counsel immediately apologized." The court did not err in denying the motion for new trial on this ground. The case is not comparable to that of Pilgeram v. Haas, 118 Mont. 431, 167 Pac. (2d) 339. Additionally, there was no

objection made to the statement nor was there any request made that the jury be admonished to disregard it.

The next two assignments of error have been discussed together and we shall treat them together. These two assignments of error deal first with evidence as to what happened to plaintiff's half interest in the saw mill which he owned in Oregon and which the evidence shows was sold while he was under medical·care at Sidney and second, in giving instruction No. 29, which advised the jury that should they find for plaintiff then in assessing damages they might consider among other things, "the amount necessarily expended or incurred by the plaintiff on account of physician's services, hospital care and medical supplies, not exceeding $352.45;" and "loss of wages or income growing out of injuries suffered·by the plaintiff because of such accident, not exceeding $2,340."

The complaint alleged that at the time of the injuries plaintiff was part owner of a saw mill near Portland, Oregon, and was engaged in its operation and that the income to him from the business was $90 a week and that as a result of the injuries he is prevented from carrying on the business and that he will be unable for a period of approximately six months to pursue that employment and business to his damage in the sum of $2,340. It was shown by evidence that plaintiff advised his partner before leaving Sidney to sell the business and when he returned to Oregon he went to work in a sash factory earning 93½¢ an hour. Defendant's argument is that the six-month period for which the item of $2,340 damages was sought would cover the months of not only July and August but September, October, November and December, the latter four months covering time after which the saw mill had been sold with plaintiff's knowledge and that the instruction thus permitted recovery for a loss of business which was not in existence·for four months. We do not so view the instruction. It simply fixed $2,340 as pleaded as a maximum under this item. When it was shown that plaintiff was able to earn some money during the months in question, that of course should be and undoubtedly was taken into account by the

jury in ascertaining the amount of damage suffered by him through loss of wages or income, due to the injuries.

As above noted the verdict was for $2,500, whereas plaintiff asked for a total of $8,725.45. The case is much like that of Ball v. Gussenhoven, 29 Mont. 321, 74 Pac. 871. We are unable to say from the verdict that the jury awarded an unreasonable amount for loss of earnings. No one can say from the verdict how much was awarded for loss of earnings as distinguished from other items of damages.

It is contended that it was error to include in instruction No. 29 the item for hospital and medical expenses since there was no proof offered that the amount expended for those purposes was reasonable. Objection to the instruction was made on that ground. The verdict here was general and plaintiff claimed more for the personal injuries exclusive of medical and hospital expenses and loss of earnings than the amount awarded by the jury and hence as in the Ball case we cannot see how defendant could have been injured by the instruction. And compare Watson v. City of Bozeman, 117 Mont. 5, 156 Pac. (2d) 178. The court in the Ball case said [29 Mont. 321, 74 Pac. 875]: "Again, if appellant had desired to ascertain the amount of money allowed plaintiff for the injury and for the moneys expended, he could have requested a separate verdict stating the amount given for each purpose. This was not attempted, and the verdict is general, and, inasmuch as the plaintiff claimed $5,000 for the injury alone, and the verdict is only for $2,000, we cannot see that appellant could have been injured."

Two members of the court think that the case of Storm v. City of Butte, 35 Mont. 385, 89 Pac. 726, is distinguishable from this and the Ball case in that in this case the instruction allowed only the medical expenses, necessarily paid and the Ball case only allowed recovery of any reasonable sum expended for medical attention whereas the instruction in the Storm case allowed recovery of whatever was paid for medical attendance whether necessary or reasonable. They take the view that the sum "necessarily paid" means the reasonable value of the services,

for no one may be compelled to pay more that the reasonable value unless in compliance with an express contract, and such is not here involved. Hence those two members of the court think this case is ruled by the Ball case and that the Storm case is inapplicable. Mr. Justice Metcalf and the writer of this opinion think the Ball case is correct but that the distinction between it and the Storm case is one without a difference and that they both have application to this case since there was no proof here that the money was necessarily paid nor that the amount paid was reasonable. Mr. Justice Metcalf and the writer think the Storm case is not distinguishable from either this or the Ball case and that it is erroneous and should be expressly overruled so far as it holds that a prima facie case is not made out for the recovery of medical fees paid by showing their payment and the character and kind of services rendered and the extent of the injuries treated. See Northwest States Utilities Co. v. Ashton, 51 Wyo. 168, 65 Pac. (2d) 235.

Complaint is made in the giving of instruction No. 20 reading, "You are instructed that if you find from a preponderance of the evidence in this case that Mr. Rinio at the time of the accident in question failed to drive his automobile to the right of the center line of the highway, then he was negligent per se. And, if you find that the defendant was negligent per se, and that such negligence was the proximate cause of the injuries of which the plaintiff complains, your verdict should be for the plaintiff." Objection was made to this instruction in that it did not take into consideration the question of contributory negligence or the fact that the lights of plaintiff's car were not dimmed. It is not practicable to cover every phase of an important action in one instruction. The instructions must be considered as a whole. Other instructions dealt with contributory negligence. Instruction No. 20 did not specifically exclude contributory negligence. The driving to the left of the center line of the highway did not warrant recovery under the instruction as given unless such negligence was the proximate cause of plaintiff's injuries. Hence the question was still for the jury to de-

termine whether that negligence or plaintiff's contributory negligence was the proximate cause of plaintiff's injuries. The instruction was proper.

The next assignment of error springs from the following: The complaint alleged that plaintiff's car at the time of the collision was parked with the left hand front and rear wheels of the automobile at least ten feet from the center line of the highway. The proof showed that they were four feet from the center line of the highway. Defendant moved for mistrial because of this variance. After this motion was denied plaintiff asked and was granted leave to amend the complaint by changing the word "left" to the word "right," so that the allegation would read that the "right" hand front and rear wheels were ten feet from the center line of the highway.

Defendant claims surprise because if the left front and rear wheels were ten feet from the center line of the highway as alleged in the complaint, the car would be precipitated into the ditch and hence that such a position of the car was an impossibility. This circumstance was one that should have put defendant upon notice that there was a mistake in the allegation in the complaint. The precise location of the car was not of importance so long as it was on its right side of the highway. Since defendant concededly ran into the car when it was on the highway, he could not have been much surprised that it was not in the ditch when he did so. At any rate the matter of allowing the amendment was one addressed to the legal discretion of the trial court (Barrett v. Shipley, 63 Mont. 152, 206 Pac. 430), with whose discretion we will not interfere unless there has been an abuse of discretion resulting in prejudice to the adverse party. Nesbitt v. City of Butte, 118 Mont. 84, 163 Pac. (2d) 251. We find no such abuse of discretion here.

The next two assignments predicate error because of the alleged insufficiency of the evidence to justify the verdict and because it is contended the evidence shows contributory negligence as a matter of law.

There is no merit in either of these assignments. The evidence

though conflicting was sufficient to sustain the verdict and to make the question of contributory negligence one for the jury. True, as claimed by defendant, there was evidence that immediately after the collision he said to plaintiff, "Why didn't you dim your lights?" But plaintiff and some of his witnesses asserted that what defendant said was, "Why didn't you blink your lights." Plaintiff upon receiving a favorable verdict is entitled to have his case viewed in the light of the evidence most favorable to him even though some of his own witnesses gave a contrary version of the facts. Hardie v. Peterson, 86 Mont. 150, 282 Pac. 494; Hinton v. Peterson, 118 Mont. 574, 169 Pac. (2d) 333; Lake v. Webber, Mont., 188 Pac. (2d) 416.

Error is assigned for giving instruction No. 6, reading: "You are instructed that the law of this state provides in relation to the matter of inference to be drawn from testimony as follows: 'An inference is a deduction which the reason of the jury makes from facts proved, without an express direction of the law to that effect; an inference must be founded, 1. on a fact legally proved, and 2. on such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of man, the particular propensities or passions of the person whose act is in question, the course of business or the course of nature'."

This instruction follows the language of our statutes, sections 10601, 10602, 10603, Revised Codes of Montana 1935. An instruction containing an abstract statement of statutory law is not error when the facts are few and simple. Edquest v. Tripp & Dragstedt Co., 93 Mont. 446, 19 Pac. (2d) 637; Mellon v. Kelly, 99 Mont. 10, 41 Pac. (2d) 49. Complaint is made of this instruction because there was no evidence touching upon the usual propensities or passions of man or the particular propensities or passions of the person whose act is in question. It seems to us that the jurors can, without evidence, consider the usual propensities or passions of man. But in any event if there were no evidence on which the instruction could be applied we fail to see

how it could injuriously affect defendant. If error, it was harmless.

Complaint is made of the following instructions: No. 21. "You ▮▮▮ are instructed that if you find from a preponderance of the evidence in this case that Mr. Rinio at the time of the accident in question drove his automobile in a careless, thoughtless or negligent manner which endangered the defendant upon the highway then he was negligent per se. And if you find that the defendant was negligent per se, and that such negligence contributed to or caused the injuries of which the plaintiff complains, your verdict should be for the plaintiff."

No. 22. "You are instructed that it is a part of the duty of the operator of a motor vehicle to keep his motor vehicle under control so as to avoid striking or colliding with other vehicles or persons upon a public highway. He must at all times be vigilant; and in this case, if you believe from a preponderance of the evidence that at the time of, and immediately before, the collision in question the defendant did not have the automobile. which he was then and there driving under control so as to avoid collision with the plaintiff's automobile and the plaintiff, then you must find that the defendant was negligent."

No. 25. "You are instructed that if you find from a preponderance of the evidence that the plaintiff did stop or park his car at the time and place in question, but the same was to the right of the center line of said highway and that the plaintiff himself, if outside said car, was to the right of said center line, then the plaintiff was not guilty of contributory negligence insofar as this case is concerned."

It is contended that the giving of these instructions was error because they exclude contributory negligence and the blinding lights. Other instructions dealt with contributory negligence, and proximate cause was properly defined by other instructions. The instructions when considered as a whole fairly presented the case to the jury.

Finding no reversible error in the record, the judgment is affirmed.

246 Associate Justices Choate, Gibson and Metcalf concur.

MR. CHIEF JUSTICE ADAIR, dissenting:

The rule in this jurisdiction governing the proof required to entitle a plaintiff in an action to recover, as an element of damages, hospital and medical services necessarily incurred and specially pleaded is as stated by this court in Storm v. City of Butte, 35 Mont. 385 at pages 398, 399, 89 Pac. 726, 728, wherein this court said: "Authorities may be found which hold that evidence showing the amount paid for such services, the extent of the injuries, the particular services rendered, and the number of visits made by the physician, is sufficient to go to the jury under proper instructions, upon the theory that the facts shown by such evidence form a substantial basis from which the jury may determine whether or not the charge as made was in fact reasonable. But the rule of law in such a case is: 'The measure of the recovery under this head is not necessarily the amount paid for medical attendance. The reasonableness of the charges must be established. The reasonable charges intended are the reasonable charges of the profession generally, and not the usual charges of the particular physician or surgeon who is testifying on that issue.' 6 Thompson on Negligence, 7329.''

For more than forty years such has been the law of this state. It is still the law of this jurisdiction. In accordance with such rule of law, I am of the opinion that this cause should be remanded to the district court with directions to grant a new trial unless within a specified time the plaintiff consents to a modification of the judgment by deducting from the amount thereof, as of the date of its entry, the reasonable amount of the hospital and medical expenses pleaded but not proven.