STATE, RESPONDENT, *v.* GARNEY, APPELLANT.

No. 8840

Submitted January 10, 1949. Decided May 24, 1949.

207 Pac. (2d) 506

492

Mr. H. C. Crippen, Billings, for appellant. Mr. Crippen argued the cause orally.

Mr. R. V. Bottomly, Atty. Gen., Mr. M. Baxter Larson, Asst. Atty. Gen., Mr. Bert W. Kronmiller, County Atty., Hardin, for respondent. Mr. Kronmiller argued the cause orally.

DISTRICT JUDGE HATTERSLEY, sitting in place of Mr. Justice Bottomly, disqualified:

This is an appeal from a judgment of conviction entered on a jury's verdict.

The information charges "that the defendant did wilfully, wrongfully, unlawfully and feloniously, steal, take, drive, lead and entice away one unbranded red white face heifer of the property of one William A. Finch, and not the property of the said defendant, with the intent in him, the said defendant, to deprive and defraud said true owner of his property, and of the use and benefit thereof, and to steal the same."

At the close of defendant's case and in rebuttal by way of impeachment, the state offered and there was received in evidence over the objection of the defendant, the record of defendant's prior conviction of a felony.

People v. Craig, 196 Cal. 19, 235 Pac. 721, 724, states: "The usual manner of making proof of a prior conviction is to ask the witness who has suffered such a conviction if he had been theretofore convicted of a felony, and, if he denies that he has been so convicted, to produce a copy of the judgment of conviction, * * *."

In the present case the defendant while on the stand was not asked if he had suffered a prior conviction of a felony, and therefore he was given no opportunity to either deny or admit the fact. A careful search of the authorities fails to reveal any case in which the procedure adopted by the state in this case was

followed. Such practice is most questionable and not to be commended.

Defendant assigns error on the giving, over his objection, of the state's offered instruction No. 6, reading: "In every crime or public offense there must exist a union or joint operation of act and intent. The intent or intention is manifested by the circumstances connected with the offense and the sound mind and discretion of the accused. All persons are of sound mind who are neither idiots nor lunatics nor affected with insanity. And under the laws of this State, when an unlawful act is shown to have been deliberately committed for the purpose of injuring another, it is presumed to have been committed with a malicious and guilty intent. The law also presumes that a person intends the ordinary consequences of any voluntary act committed by him. This latter presumption, however, is termed a disputable presumption and may be controverted by other evidence."

This instruction, in the exact language, was given in the case of State v. Schaefer, 35 Mont. 217, 88 Pac. 792, 793, wherein the defendant was charged with the crime of assault in the first degree. There as here, intent was the gist of the offense. Defendant there contended, "that 'neither of these presumptions of law embodied in this instruction are applicable to a case of assault with a specific intent to kill, nor to any case where the specific intent with which the act is done is the very gist of the offense; * * *'." This court there said: "Such an instruction may properly be given in a case where the charge and facts warrant, but, when a defendant is on trial for a crime involving a specific intent as the gist of the offense, we think it might mislead a jury, and that the portions complained of should be omitted."

State v. Schaefer, supra, was cited with approval in State v. Colbert, 58 Mont. 584, 591, 194 Pac. 145, at page 148, wherein this court said: "The rule in other cases in which a specific intent is a necessary element of the crime is that the prosecution is required to prove it, or, what is equivalent, circumstances from which the jury may properly infer such intent. In such

cases the propriety of giving the instruction is at least questionable. State v. Schaefer, 35 Mont. 217, 88 Pac. 792.''

In People v. Snyder, 15 Cal. (2d) 706, 104 Pac. (2d) 639, a case of attempt to murder, appellant contended that ''the trial court committed prejudicial error in charging the jury generally that a person is presumed to intend to do that which he voluntarily and wilfully does in fact do, and is also presumed to intend all the natural, probable and usual consequences of his acts.'' The California court there said: ''But where, as here, the crime of which the defendant stands convicted, viz., attempted murder, requires proof of a specific intent to kill the victim, appellant contends that such intent, like any other fact or essential of the crime, must be proved by evidence or the inferences reasonably deducible therefrom and may not be based upon a presumption. The authorities support the appellant's contention. (People v. Miller, 2 Cal. (2d) 527, 532, 533 [42 Pac. (2d) 308, 98 A. L. R. 913]; People v. Jones, 160 Cal. 358, 370, 371 [117 Pac. 176]; People v. Landman, 103 Cal. 557, 580 [37 Pac. 518]; People v. Mize, 80 Cal. 41, 42, 44, 45 [22 Pac. 80]; People v. Brown, 27 Cal. App. (2d) 612, 614, 616 [81 Pac. (2d) 463]; People v. Maciel, 71 Cal. App. 213, 217, 220 [234 Pac. 877]; People v. Ramirez, 64 Cal. App. 358, 360, 361 [221 Pac. 960].)'' See also People v. Mooney, 127 Cal. 339, 59 Pac. 761, 762; People v. Everett, 10 Cal. App. 12, 101 Pac. 528; People v. Murphy, 17 Cal. App. (2d) 575, 62 Pac. (2d) 592, 597, 598; People v. Faber, 29 Cal. App. (2d) Supp. 751, 77 Pac. (2d) 921, 923; People v. Peak, 66 Cal. App. (2d) 894, 153 Pac. (2d) 464; State v. Horne, 62 Utah 376, 220 Pac. 378; State v. Black, 163 Wash. 237, 1 Pac. (2d) 206; Reagan v. State, 28 Tex. App. 227, 12 S. W. 601, 19 Am. St. Rep. 833, 835; Vickery v. State, 62 Tex. Cr. R. 311, 137 S. W. 687, Ann. Cas. 1913C, 514 and note page 517; Fanning v. Chace, 17 R. I. 388, 22 A. 275, 13 L. R. A. 134, and note, 33 Am. St. Rep. 878; People v. Flack, 125 N. Y. 324, 26 N. E. 267, 11 L. R. A. 807, and note 811, 813; 14 Am. Jur., Criminal Law, p. 783, sec. 23, n. 13; Id., n. 19; 53 Am. Jur., Trial, p. 186, sec. 218; Id., p. 244, sec. 290, n. 13; Id., p. 496, sec.

641, n. 15; 16 C. J., Criminal Law, p. 80, sec. 47.6; Id., 48.7; 22 C. J. S., Criminal Law, sec. 32, page 91; Id., sec. 33, page 92; Id., sec. 34; Id., sec. 35, page 93; 23 C. J. S., sec. 1222, page 783; 8 Cal. Jur., Criminal Law, p. 341, sec. 385, n. 2.

In People v. Snyder, supra, in answering the contention of the attorney general that other instructions were given on the subject of specific intent wherein the jury in effect was charged that to convict the defendant they must be satisfied beyond a reasonable doubt as to the intent of the defendant, the court, in substance, held that the vice of the instruction complained of was not cured by what was said in other parts of the instructions, that the force of the objectionable instruction was left untouched, and its meaning was left unchanged and unimpaired.

State v. Peel, 23 Mont. 358, 373, 59 Pac. 169, 174, 75 Am. St. Rep. 529, states: "* * * wherever instructions are upon a material point, the one correct and the other incorrect, this court will not presume that the jury followed the correct instruction, but will reverse the judgment, and order a new trial. State v. Rolla, 21 Mont. 582, 55 Pac. 523." See also State v. Jones, 48 Mont. 505, 524, 139 Pac. 441; State v. Darchuck, 117 Mont. 15, 20, 156 Pac. (2d) 173; State v. McClellan, 23 Mont. 532, 537, 538, 59 Pac. 924, 75 Am. St. Rep. 558; Heilbronner v. Lloyd, 17 Mont. 299, 307, 42 Pac. 853; Kelley v. Cable Company, 7 Mont. 70, 77, 14 Pac. 633; 53 Am. Jur., Trial, p. 613, sec. 837.

Defendant was convicted of an offense requiring proof of a specific intent as the gist of the offense charged against him, and it is impossible to now state that the jury was not influenced in its deliberation and verdict by the inapplicable instruction, this especially in view of the length of time taken by the jury in their deliberations as shown by the minutes of the court in this case, and by the recommendation for leniency which the jury made in returning its verdict into court.

The giving of this instruction was prejudicial error.

We have examined the other instructions to which defendant objects and also those offered by the defendant but refused by the trial court, but find no error in the court's rulings thereon,

nor do we find merit in defendant's other assignments of error.

The judgment is reversed and the case remanded for a new trial.

Mr. Chief Justice Adair and Associate Justices Freebourn and Metcalf concur.

MR. JUSTICE ANGSTMAN (dissenting):

I believe it was not reversible error to give instruction No. 11. Even in the case of State v. Schaefer, 35 Mont. 217, 88 Pac. 792, where this identical instruction was given, the court did not rest its opinion reversing the judgment on that ground. It simply held that on another trial it should not be given but reversed the judgment for a different reason.

The court in the later case of State v. Colbert, 58 Mont. 584, 194 Pac. 145, said that "the propriety of giving the instruction is at least questionable."

The questionable part of the instruction under the above cited cases is that part reading: "And under the laws of this state, when an unlawful act is shown to have been deliberately committed for the purpose of injuring another, it is presumed to have been committed with a malicious and guilty intent."

I can see where the charge is assault with intent to kill as in State v. Schaefer, supra, or murder as in State v. Colbert, supra, that part of the instruction might be misleading. But in a larceny case there is no act done for the purpose of injuring another. If the larceny was committed by defendant, it was not with the intention of injuring another but for the purpose of increasing the size of his own herd of cattle.

There being no evidence in this case to which that statement in instruction No. 11 could apply, I fail to see how defendant could have been prejudiced by giving it. Compare Gobel v. Rinio, 122 Mont. 235, 200 Pac. (2d) 700. Even were there evidence to which that statement could apply the instruction does not say that "intent to steal" must be presumed. In the first place, under the instruction, before there is a presumption of intent there must have been an unlawful act. If defendant honestly thought

he was the owner of the heifer and the jury so believed, then there would have been no unlawful act by him in taking her. Sec. 11384, R. C. M. 1935.

If the jury believed to the contrary and found that defendant did not honestly believe he was the owner, then his taking is properly presumed to have been done with a guilty intent and the instruction to that effect was proper.

The jury was instructed ''that the intent to steal the animal in question and to deprive the owner thereof is an essential ingredient of the crime charged and, as such, must be proved by the State beyond a reasonable doubt and to a moral certainty in order to justify the conviction of the defendant, and, if such intent is not proved in the manner aforestated, then you should find the defendant not guilty.''

They were also told that ''before you can find the defendant guilty, you must find beyond a reasonable doubt: * * * 5. That said animal was taken by the defendant with a felonious intent —that is, with the intent to steal the same.''

I think when the whole of the charge to the jury is considered the court did not err in its instructions. No useful purpose would be subserved by considering whether defendant is entitled to a new trial on some other ground since the majority opinion is based upon the giving of instruction No. 11 and on that alone. I am not able to concur in holding that it was error to give that instruction.

I do not subscribe to what my associates have to say relative to admitting the record of a prior conviction. Section 10668, R. C. M. 1935, provides that a witness may be impeached by showing that he has been convicted of a felony. And this by the statute may be shown either by (a) ''examination of the witness'' or (b) ''the record of the judgment.''

And this applies to the defendant when he testifies in his own behalf as well as to any other witness. State v. Schnepel, 23 Mont. 523, 59 Pac. 927.

Rehearing denied July 8, 1949.