THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ M. RODRÍGUEZ LÓPEZ, Defendant and Appellant.

No. CR-67-252.      Decided November 27, 1968.

*E. Armstrong Watlington, Enrique Miranda Merced,* and *Julio García Antique* for appellant. *Rafael A. Rivera Cruz, Solicitor General,* and *Federico Rodríguez Gelpí, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The information filed in the present case charges appellant "with having, on October 7, 1965, and in the municipality of Fajardo, which is part of the Superior Court of Puerto Rico, Humacao Part, illegally, wilfully, maliciously, and criminally burned, at nighttime, an inhabited building or house, in which there were human beings at the time of the commission of the offense."[1]

Appellant maintains that the aforecopied information does not charge the commission of a crime. He is right. Let us see why.

---

[1] The evidence presented by the prosecuting attorney to support said information is summarized as follows by the Solicitor General:

"According to the evidence introduced, about 8:30 p.m. on October 7, 1965, José Manuel Rodríguez López, as a result of an argument with Cándida Blasini, set fire to a box of garbage after sprinkling it with a liquid, and placed said box in front of Mrs. Blasini's entrance door. The door was scorched."

■ Section 398 of the Penal Code in force establishes that "Arson is the wilful and malicious burning of a building of another with intent to destroy it." An essential ingredient of the offense is, therefore, that the burning be done with the intent to destroy the building. In *People* v. *Pérez*, 35 P.R.R. 951 (1926), we reversed the judgment on the ground that the information of arson did not allege facts constituting the offense. Malice was not alleged therein. We stated that "Both the English and the Spanish texts require for the charge of arson that setting fire to another's building be done wilfully and maliciously and not accidentally, because it would not then constitute felony, but trespass. The words 'willfully' and 'maliciously' denote distinct ideas and the courts emphasize the necessity of the existence of malice in addition to wilfulness. 5 C.J. 541. To constitute arson the setting fire to a building must be done wilfully and maliciously with the intent to destroy it. 3 Cal. Jur. 162. Therefore, as the information does not mention the existence of malice in the act imputed to the defendant, he was not charged with the commission of arson as defined in section 398 of the Penal Code."

In *People* v. *Castro*, 75 P.R.R. 630, 634 (1953), we stated the following: "There are cases which hold that an information charging *arson* must allege that it was done with intent to destroy the building. 3 Burdick, *The Law of Crime*, pp. 7–8; 3 Cal. Jur. § 7, p. 167; *People* v. *Mooney*, 59 Pac. 761 (Cal. 1899). We assume we would apply the same rule in this jurisdiction. *Cf. People* v. *Pérez*, 35 P.R.R. 951. But this is a charge of murder in the first degree, not arson. And our attention has not been called to any case holding that an information for murder in the first degree based on a killing in the perpetration of arson must allege that the arson was committed with intent to destroy the building." In *People* v. *Palóu*, 80 P.R.R. 351 (1958), we ratified this rule clearly stating that in an information of murder in the first degree

alleging that the murder was committed "in the perpetration or attempt to perpetrate arson" it is unnecessary that the same follow the language of the statute and also contain the specific acts contained in the offense defined in § 398 of the Penal Code. The reason is that the offense charged is not arson, but murder. Arson not being charged it is not necessary that the information include all the elements of this offense.

■ Section 398 is a copy of the concomitant section of the State of California,[2] which was in force there until 1929. Since said section expressly establishes that the act of burning a building with the intent to destroy it is punishable, it is required by the jurisprudence that the information must contain such allegation. In *People* v. *Mooney*, 59 Pac. 761 (1899), already decided at the time when we adopted our statutory provision, the Supreme Court of said state stated the following:

". . . It will be seen that one important element of the crime of arson, as defined in the Code, is the 'intent to destroy.' The words quoted are a part of the description of the crime of arson, and there can be no such crime in the absence of this intent to destroy. It is therefore necessary that this essential element should be averred in the information, either in the language of the statute or in some other way, so as to make it clearly appear that the defendant had this specific intent and purpose, and that the building was burned by him to carry such intent and purpose into execution. The words 'willfully, unlawfully, feloniously, and maliciously' were properly used in the information, but they are not sufficient. Such words import only that criminal intent which is a necessary part of every felony . . . but they do not necessarily include the specific purpose to destroy the building which is an element of the crime of arson. 'Whether the indictment is on a statute or at the common law, it is a rule, universal and without exception, that every intent, like everything else which the law has made an element of the offense,

---

[2] Section 447 of the Penal Code of California of 1872.

must be alleged; for otherwise no prima facie case appears.' 1 Bish. Cr. Proc. § 523."

See also, *O'Brien* v. *State*, 6 P.2d 421 (Ariz. 1931); *People* v. *Farber*, 77 P.2d 921 (Cal. App. 1938); Bolton, *Arson in California*, 22 So. Cal. L. Rev. 235 (1949); Bolton, *Arson in California*, Part II, 35 So. Cal. L. Rev. 375 (1962).

In 1929 California legislated in relation to this offense and in the new version no mention of the intent to destroy is made. See § 447A of the Penal Code of California. But it is stated that apparently the courts of said state still hold that the allegation of intent to destroy is indispensable in the information. 22 So. Cal. L. Rev. *supra* at p. 231.[3]

■ We are aware of the prevailing rule to the effect that in considering whether an information alleges facts constituting an offense, we should not apply such a strict rule as to require that all the elements of the offense be alleged with an artificer's perfection. Following said rule we shall not dismiss informations merely because they are improperly worded if all the ingredients of the offense are alleged therein. But as we stated in *State* v. *Quatro*, 105 A.2d 913 (N.J. 1954) citing *State* v. *Lombardo*, 90 A.2d 39, 41 (N.J. 1952):

"However progressively liberal has become the legislative and judicial attitude toward the literal composition of indictments (see R.S. 2:188-5, 6, 7, 9, N.J.S.A.; Rules 2:4-11, 13) and the discretionary disinclination to quash them unless palpably

---

[3] In the Model Penal Code, Tentative Draft 1962 of the American Law Institute, it is necessary that in the crime of arson the fire be started with the intent of destroying the building or the structure.

"Section 220.1. Arson and Related Offenses.

(1) *Arson.* A person is guilty of arson, a felony of the second degree, if he starts a fire or causes an explosion with the purpose of:

(a) destroying a building or occupied structure of another; or

(b) destroying or damaging any property, whether his own or another's, to collect insurance for such loss. It shall be an affirmative defense to prosecution under this paragraph that the actor's conduct did not recklessly endanger any building or occupied structure of another or place any other person in danger of death or bodily injury."

defective (*State* v. *Western Union Tel. Co.*, 13 N.J. Super. 172, 80 A.2d 342 (Cty. Ct. 1951), yet it is basically imperative that an indictment allege every essential element of the crime sought to be charged. [Citations.]

"The omission of an essential element cannot be supplied by inference or implication. [Citations.]"

The information in the present case having failed to allege elements constituting offense, the judgment appealed from will be reversed.

Mr. Chief Justice Negrón Fernández did not participate herein.

